7146

## BOARD OF TOWNSHIP COMMISSIONERS FOR SULLIVAN'S ISLAND v. BUCKLEY.

1. CONSTITUTIONAL LAW—TOWNSHIPS—SULLIVAN'S ISLAND—SPECIAL LAWS—CITIES AND TOWNS.—THE ACT, 25 STAT., 280, repealing the charter of the town of Moultrieville and establishing a town-ship government for Sullivan's Island as a township of Charleston county is not violative of section 34, article III of the Constitution prohibiting changing names of places and incorporating

cities or towns by special laws if such repeal affect merely the public government of the municipality, but the act is permissible under section 11 of article VII. Sullivan's Island as a township of Charleston county may be considered in a class by itself and the subject of special legislation.

2. TOWNSHIPS—SULLIVAN'S ISLAND.—The principle of self-government does not inhere in townships. The Legislature may ordain for Sullivan's Island a system of township government by a board of two resident electors and three owners of residences appointive by the Governor.

Before HYDRICK, J., Charleston, March, 1908. Affirmed.

Action by board of township commissioners of Sullivan's Island against B. Buckley. From order overruling demurrer, defendant appeals.

*Mr. Lee Royal,* for appellant, cites: 66 S. C., 222, 241; 73 S. W., 811; 59 S. C., 110; 61 S. C., 381; 62 S. C., 250; 77 S C, 268; 62 S. C., 62; 60 S. C., 501; 51 S. C., 54.

*Messrs. Burke, Rivers & Erckman,* contra, cite: 27 S. C., 385; 61 S. C., 213; 30 S. C., 365; 66 S. C., 362, 229, 225; 77 S. C., 260; 2 S. C., 81; 91 U. S., 540; 102 U. S., 511; 24 S. C., 158; 42 S. C., 298; 10 Rich., 501; 4 S. C., 420; 15 S. C., 392; 16 S. C., 33; 38 S. C., 399.

April 9, 1909. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an action to enforce a license and the appeal comes from an order of Judge Hydrick overruling a demurrer to the complaint, the ground of demurrer being that plaintiff had no legal capacity to sue. In this connection the complaint alleged:

"That under and by virtue of an Act of the General Assembly of the State of South Carolina, entitled 'An Act

23—82

to establish a township government for the township of Sullivan's Island, in Charleston county, State of South Carolina,' as approved 17th day of February, 1906, the plaintiff was created a body politic and corporate with such rights and powers as are fairly and sufficiently set forth in said above entitled Act, which Act gives the said board of township commissioners the control and management of the affairs of the township of Sullivan's Island, S. C."

Under this demurrer defendant seeks to raise the question that the Act of February 17, 1906, is unconstitutional:

1. Because it provides for a board of five members and requires only two of them to be registered electors of Sullivan's Island.

2. Because it is special legislation to repeal the charter of the town of Moultrieville and place the government of the territory of Sullivan's Island, which embraces the territory of Moultrieville, under the board of township commissioners created by the Act.

3. Because it is special legislation in violation of art. III, sec. 34, subd. 1 of the Constitution, in that it changed the name of the town of Moultrieville; also in violation of art. III, sec. 34, subd. 3, in reference to changing, amending or extending the charter of an incorporated town; also in violation of art. VIII, sec. 1, requiring general laws for the organization and classification of municipal corporations.

We have not been called upon to consider whether such questions can be raised under demurrer for want of capacity to sue; on the contrary, respondent also desires the judgment of the Court on the questions raised.

The Court takes notice of the fact that the town of Moultrieville, on Sullivan's Island, was incorporated December 17, 1817, 8 Stat., 290, and that on February 19, 1906, the charter of said town and all acts amendatory thereto and all acts relating to the government thereof were repealed, 25 Stat., 280. Sullivan's Island, except such portions as may have been ceded to the United States, is

considered the property of the State and has been devoted by the State for the purpose of a health resort. Previous to 1857, the occupants of lots on Sullivan's Island were mere tenants at will of the State, and in 1857, 12 Stat., 521, it was declared that the tenure of the owners of lots under the license to build should be tenants from year to year. *Wetmore* v. *Rhett,* 12 Rich., 565. Under the original charter of 1817, the corporators were "all persons, citizens of the' United States, now owning dwelling houses on the said island, or who may hereafter own dwelling houses thereon, or occupying under lease during the season that people resort thither for health or safety a dwelling house," and "all free male white inhabitants of said island owning or renting dwelling houses thereon" were entitled to vote for intendant and five wardens. In 1873, 15 Stat., 446, the charter was amended, the corporators being "all persons, citizens of the United States, who reside or may hereafter reside, or who may own buildings erected on any lot in the town of Moultrieville, Sullivan's Island," and those entitled to vote were all male residents of the said town and all male owners of lots upon which buildings have been erected. Citizens of the United States who have attained full age." It thus appears in the history of Moultrieville the State has sought to give lot owners a right to participate in the government of the town, whether residents or not. After the adoption of the Constitution of 1895 and the legislation pursuant thereto, regulating the qualification of electors, the government of the town of Moultrieville has been in the control of the resident qualified electors. In this situation, the General Assembly deemed it advisable to establish a township government for Sullivan's Island as a part of the county of Charleston, and adopted the Act in question.

Sec. 1 of the Act provides: "That as soon as practicable and within thirty days after the approval of this Act, the Governor shall appoint a commission to be composed of five persons, three of whom shall be lot holders and two of

whom shall be registered electors on Sullivan's Island, which commission shall be known as the board of township commissioners for Sullivan's Island, and shall have charge of the township affairs of said township with the powers and duties hereinafter set forth."

Commissioners appointed under this Act have been in charge ever since.

The right of the General Assembly to repeal the charter of a municipal corporation of the State cannot be questioned, unless there is some constitutional inhibition. *Meriwether* v. *Garrett,* 102 U. S., 511; 1 Dillon Mun. Cor., 3 ed., par. 66; Cooley Con. Lim., 5 ed., pp. 230, 231, 232. There is no restriction in the Constitution upon such repeals, certainly not so far as the repeal affects merely the public governmental aspect of the municipality, as in this case.

The first and third sub-divisions of art. III, sec. 34, forbidding special legislation to change the name of places and to amend or extend the charter of a town, has no reference to *repeals* of charters, as is manifest by the terms of this section; nor could a general law be well enacted governing the repeal of town charters, since the repeal of a particular charter must necessarily be special, hence sub-division 12 of said section has no application to repeals of charters.

The charter of Moultrieville having been revoked, the territory and inhabitants therein must necessarily be subject to such government as the State, under constitutional limitation, may impose.

Is the Act of February 17, 1906, void as special legislation? We think not. Sec. 11 of art. VII of the Constitution expressly declares that the "General Assembly may provide such system of township government as it shall think proper in any and all the counties, and may make special provision for municipal government and for the protection of chartered rights and powers of municipalities." Construing this provision in *Grocery Co.* v. *Burnet,* 61 S. C.,

205, 214, 39 S. E., 381, 58 L. R. A., 687, the Court says: "This section was evidently framed in view of the provisions of art. III, sec. 34, and was intended to give the legislature a wider latitude in the making of special provisions for county and township government." Then when we consider that the land of Sullivan's Island is practically the property of the State, and its use as a health resort during the summer and the custom of most lot owners, many of whom reside in the city and county of Charleston, not to occupy their premises during the winter, and yet having a very large interest in the government of the island, we cannot affirm that Sullivan's Island as a township of Charleston county is not in a class by itself and the subject of special legislation. The Legislature has declared that the Act is advisable and every presumption must be indulged in favor of the legislation, even if the question is judicial and not legislative, a matter which the Court has not finally settled. *Buist* v. *City Council,* 77 S. C., 273, 57 S. E., 862.

With respect to the contention that the Act is void because it requires the governor to appoint a commission to be composed of five persons, three of whom shall be lot holders and two of whom shall be registered electors on Sullivan's Island, it is contended that the statute violates the principle of local self-government and deprives the electors of Sullivan's Island from choosing their own officers. But the principle of local self-government does not inhere in townships. They have such local rights of government as the Legislature sees fit to confer upon them. We find nothing in the Constitution prohibiting the legislature from ordaining for Sullivan's Island the particular system of government provided in the Act.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.