[No. 10276.  Department Two.  July 10, 1912.]

## PACIFIC AMERICAN FISHERIES, *Appellant*, v. WHATCOM COUNTY *et al.*, *Respondents*.[1]

MUNICIPAL   CORPORATIONS—BOUNDARIES—EXTENSIONS—STATUTES. The boundaries of cities are extended by Rem. & Bal. Code, § 7443, providing that the powers and jurisdiction of all incorporated cities bounded by navigable waters be and the same are hereby extended to the middle of such waters in every manner and for every purpose exercised within the city's limits; and hence authorizes the levy of city taxes upon property situated within the extended limits.

STATUTES—TITLE—SCOPE.  The title, an act extending the powers and jurisdiction of cities into the navigable waters adjacent to their boundaries, sufficiently expresses the purpose of the act to extend the boundaries of the city for all purposes.

MUNICIPAL CORPORATIONS—SPECIAL LAWS—BOUNDARIES.   An act extending the boundaries of all cities to the middle of navigable waters adjacent to their boundaries, is not violative of the constitutional provisions inhibiting the incorporation or alteration of cities by special laws, or the enactment of any private or special laws granting corporate powers or privileges.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered December 14, 1911, upon an agreed statement of facts, dismissing an action to restrain the collection of a tax.   Affirmed.

*Kerr & McCord, Hadley, Hadley & Abbott*, and *Newman & Howard*, for appellant.

*Bixby & Thompson, Thomas L. McFadden*, and *Dan L. North* (*J. W. Romaine* and *C. E. Abrams*, of counsel), for respondents.

MOUNT, J.—This action was brought to enjoin the defendants from enforcing the collection of a tax, levied by the city of Bellingham upon the personal property of the plaintiff.   The cause was submitted to the trial court upon an agreed statement of facts, from which the court concluded

[1]Reported in 124 Pac. 905.

that the plaintiff's property was liable for the tax, and therefore refused the relief prayed for. The plaintiff has appealed.

It appears from the agreed statement, that the city of Bellingham is an incorporated city of the first class;

"That, at all times hereinafter mentioned, this plaintiff was, and now is, the owner of certain personal property situated in the county of Whatcom, state of Washington, consisting mainly of steamboats, scows, general merchandise, manufacturing tools and implements, and improvements consisting of buildings on lands held under lease from the state of Washington, or on tide lands below the government meander line, all of which personal property is located and situated upon said leased lands and tide lands, which are adjacent to and outside of the westerly boundaries of the city of Bellingham, as the same were fixed and determined prior to an act of the legislature of the state of Washington, approved March 13, 1909, entitled, 'An Act extending the powers and jurisdiction of incorporated cities into the bays, lakes, sounds, rivers and other navigable waters adjacent to the boundaries of such cities and declaring an emergency;' same being chapter 111 of the Laws of 1909, p. 392 (Rem. & Bal. Code, § 7443); that said lands and property are situated between said boundaries of the city of Bellingham and the middle of Bellingham Bay in front of said city;"

that, for the year 1910, the city levied a tax of eight mills on the dollar for municipal purposes upon all of the property of the plaintiff as above stated; that the city and its officers are proceeding to collect this tax, and that the plaintiff has refused to pay.

It is also stipulated that the plaintiff uses large quantities of water and of electric light and power furnished by private public service corporations authorized to use the streets of the city for such purpose; that the plaintiff has fire alarm stations connected with the city fire department, and received the services thereof, and that the city maintains improved and paved streets leading to plaintiff's property. We think these conveniences do not affect the case.

The main question is whether the plaintiff's property is located within the limits of the city, and is therefore subject to taxation for municipal purposes. In 1909 the legislature passed the following act:

"An act extending the powers and jurisdiction of incorporated cities into the bays, lakes, sounds, rivers and navigable waters adjacent to the boundaries of said city, and declaring an emergency.

"Sec. 1. That the powers and jurisdiction of all incorporated cities of the state of Washington having their boundaries or any part of their boundaries adjacent to or fronting on the bay or bays, lake or lakes, sound or sounds, river or rivers, or other navigable waters, be and the same are hereby extended into and over said waters and over any tide lands intervening between any such boundary and any such waters to the middle of such bays, sounds, lakes, rivers or other waters, in every manner and for every purpose that such powers and jurisdiction could be exercised when such cities' limits include such waters or any part of such waters: . Provided, that in towns of the fourth class the territory added by this act shall be over and above the one square mile now established by law as the maximum territory within the limits of such town.

"Sec. 2. An emergency exists and this act shall take effect immediately." Laws 1909, p. 392 (Rem. & Bal. Code, § 7443).

It is argued by the appellant, (1) that this act does not purport to extend the boundaries of such cities, but fixes the limit of extraterritorial powers of such cities, such as police powers; (2) that, if the act be held to extend the boundaries of such cities, it is void because the subject of the act is not expressed in the title; and (3) that the act is a special act, and therefore void under the provisions of § 28 of art. 2, and § 10 of art. 11, of the constitution. We shall notice these points briefly in the order stated.

A reading of § 1 of the act is convincing that the legislature intended to extend the boundaries of such cities to the middle of such bays, for it says, "The powers and jurisdiction of" such cities "be and the same are hereby extended

. . . to the middle of such bays . . . in every manner and for every purpose that such powers and jurisdiction could be exercised when such cities' limits include such waters." The mere fact that the powers and jurisdiction, in every manner and for every purpose, are extended, necessarily extended the boundaries. It seems plain that this was the purpose and object of the act. Appellant very plausibly argues that the police power only was extended beyond the boundaries of the city, and that the boundaries were not affected. But this seems too narrow a view to take of the act, when it provides that the powers and jurisdiction are extended *in every manner* and *for every purpose*. The act plainly was intended to, and does, extend the boundaries to the middle of such bays.

Appellant argues that, if this construction is given to the statute, then the title is insufficient, because the subject of the act is not expressed in the title. The title is: "An act extending the powers and jurisdiction of incorporated cities into the bays . . . adjacent to the boundaries of such cities." The extension of the powers and jurisdiction of the cities for every purpose over certain territory necessarily extends the boundaries of such cities, and *vice versa* the extension of the boundaries necessarily extends the powers and jurisdiction of the cities for every purpose. In short, the subject of the act is the same, whether expressed one way or the other, and was as definitely expressed in the one way as it might have been in the other.

Appellant next argues that the act is in violation of § 10, art. 11, of the constitution, which provides that: "Corporations for municipal purposes shall not be created by special laws, but the legislature, by general laws, shall provide for the incorporation, organization and classification, in proportion to population, of cities and towns, which laws may be altered, amended or repealed." And also § 28 of art. 2 which provides: "The legislature is prohibited from enacting any private or special law. . . For granting corporate powers

or privileges." This act does not purport to create a munici-
pal corporation, or to affect the classification already exist-
ing, or to grant any new powers or privileges not exercised
by all cities. It simply extends the boundaries of cities lo-
cated on bays, etc. It is general in the sense that it applies
to all cities so located, and in any event is not a special or
private law which applies to a particular municipality, and
therefore does not come within the constitutional prohibition.
*State ex rel. Hunt v. Tausick*, 64 Wash. 69, 116 Pac. 651,
35 L. R. A. (N. S.) 802. We are satisfied that the act is
valid, and that the appellant's property was within the
boundaries and the jurisdiction of the city for taxation and
all other municipal purposes.

The judgment is therefore affirmed.

FULLERTON, ELLIS, CROW, and MORRIS, JJ., concur.