12968.    CENTER *v*. MERCER COMPANY.

Services in negotiating in behalf of the defendant for the purchase of real estate which the defendant afterwards bought directly from the owner at a price higher than the defendant had authorized the plaintiff to offer did not, under the allegations of the petition, give a cause of action to the plaintiff, and the court erred in overruling the demurrer to the petition.
DECIDED MARCH 9, 1922.

Complaint; from city court of Savannah — Judge Freeman. September 24, 1921.

*Shelby Myrick,* for plaintiff in error.    *George W. Owens,* contra.

Luke, J. In substance the petition of the Mercer Company alleges: that Center employed the company to negotiate with the owner for the purchase of a certain lot in the City of Savannah; that on a certain day after such employment the company made an offer of a certain amount to the owner for the property, and the owner declined the offer; that Center was notified that the offer had been refused, and after such notice he advised the company to make an offer at a named increased amount; that the increased offer was refused and the refusal was reported; that Center

then advised and instructed the Mercer Company to wait a few days before making any further offer to the owner of the property; that subsequently Center, without the knowledge of the Mercer Company, negotiated with the owner of the property, and, at a still further increased amount, bought the property; that after Center had bought the property the Mercer Company demanded of him the payment of a certain amount of money which it alleged to be the reasonable value of its services for negotiating for the purchase of said property, which Center refused to pay, and that he is indebted to it in the same sum on open account for this service. The defendant demurred to the petition, upon the grounds that it did not set forth a cause of action, and that it was vague, indefinite, and insufficient in law, it not having set forth what the terms of the employment of the plaintiff by the defendant consisted of, nor what the consideration of the employment was, nor whether the plaintiff was to be paid by the defendant for his services, nor how the amount sued for was arrived at. The demurrer was overruled, and the defendant excepted to this judgment.

It was error to overrule the general demurrer to the petition, as the petition did not disclose the length of time or duration of the contract, and was otherwise vague, indefinite, and uncertain. The petition shows that the plaintiff was unable to purchase the property at the price at which the defendant was willing for the plaintiff to negotiate a purchase. It is not alleged that the plaintiff's negotiations amounted to the procuring cause and culminated in the purchase of the property by the defendant, or that the plaintiff discharged his full duty in the premises. See, in this connection, *Roberts* v. *Martin*, 15 *Ga. App.* 206, 208 (82 S. E. 813.)

*Judgment reversed.* *Broyles, C. J., and Bloodworth, J., concur.*