16630

WAGENER *ET AL.* v. SMITH *ET AL.*

(71 S. E. (2d) 1)

Order reversed in part and affirmed in part, and case remanded with directions.

440

*Messrs. William H. Grimball, Jr.,* and *Lester E. Stringer,* of Charleston, *for Appellants,* cite:

*Messrs. Hammond C. Bowman* and *Sinkler, Gibbs & Simons,* of Charleston, *for Respondents,* cite:

May 26, 1952.

OXNER, Justice.

We have before us the unusual situation of two units of government attacking the validity of the corporate existence of each other. The clash was almost inevitable since the two municipal corporations are coextensive in area and are undertaking to exercise substantially the same powers and to discharge the same functions. The corporate authorities of the township of Folly Island contend that the charter issued by the Secretary of State to the town of Folly Beach is invalid, while the governing body of the latter asserts that the act creating the township government of Folly Island is unconstitutional.

Folly Island, located near Charleston, is one of the so-called barrier islands between the mainland and Atlantic Ocean. It is long but narrow and comprises, according to the United States Department of Commerce, an area of 2.7 square miles. There are about 675 year round residents.

In 1936 the General Assembly established a township form of government for Folly Island. Act June 1, 1936, 39 St. at L. 1694. A board of township commissioners was created

which was empowered to "enact ordinances and regulations pertinent to the health and welfare of the island and its inhabitants", to appoint policemen and other officers to enforce the ordinances and regulations adopted, and to impose, for the purpose of supporting said government, a tax of not exceeding 2% on all taxable property located on the island and provide for the collection thereof. The court below held, which is not challenged by the parties, that the powers vested in the commissioners "are, to all intents and purposes, similar to those devolved upon the town councils of incorporated towns having a population of less than 1,000 inhabitants."

The act above mentioned was subsequently amended in various particulars not pertinent to this controversy. See Section 4077–7, 1942 Code, and Act April 24, No. 196 of the 1943 Acts of the General Assembly, 43 St. at Large, p. 293.

On March 22, 1951, in accordance with the procedure prescribed by Act No. 725 of the 1948 Acts of the General Assembly, Act April 8, 1948, 45 St. at L. 1821, relating to the incorporation of towns of not less than 100 and not more than 1,000 inhabitants, the required petition for the incorporation of the proposed town of Folly Beach, to consist of the area known as Folly Island, was filed with the Secretary of State, who thereafter commissioned four residents of said island to provide for the election and to appoint three managers. An election was duly held on March 8, 1951, which resulted in a vote of 166 to 20 in favor of incorporation. After some controversy as to whether a majority of the electors of said island had voted in favor of the creation of said town as required by Article 8, Section 2 of the Constitution, a certificate of incorporation was finally issued by the Secretary of State.

The parites to this action seek a determination of the following questions, which will be hereinafter discussed in the order stated:

1. "Is it possible, under the Constitution and statutes of South Carolina, to incorporate, as an incorporated town of

less than 1,000, an area extending more than one mile from the center thereof?"

2. "The General Assembly had enacted a statute which created the Township of Folly Island. This statute makes provision for the municipal government of Folly Island. In view of this statute, is it possible, under the Constitution and laws of South Carolina, for an incorporated town to be established with an area coextensive with the Township?"

3. "Is the Act which purports to establish the Township of Folly Island a valid enactment under the Constitution of South Carolina?"

4. "Was there obtained, in the proceedings taken in connection with the incorporation of the Town of Folly Beach, the consent of the majority of the electors residing within the area entitled to vote therein?"

Under the general law relating to the incorporation of towns having not less than 100 or more than 1,000 inhabitants, 45 St. at L. 1821, it is provided: "That the corporate limits of towns of less than one thousand (1,000) inhabitants, incorporated under the provisions of this Act shall not extend further than one mile from the center thereof." This statute was amended in 1950, Act May 6, 1950, 46 St. at L. 2169, by adding the following: "Provided, Further, that the citizens of any island within the territorial limits of this State may have such island incorporated under the provisions of this Act and the above proviso relative to the corporate limits not extending further than one (1) mile from the center of the Town shall not apply to the incorporation of any such island."

The contention is made that the 1950 amendment attempts to grant powers to certain municipal corporations of a given class, not possessed of by other municipal corporations in the same class, in violation of Article 8, Section 1 of the Constitution of South Carolina", which reads as follows:

"The General Assembly shall provide by general laws for the organization and classification of municipal corporations.

The powers of each class shall be defined so that no such corporation shall have any powers or be subject to any restrictions other than all corporations of the same class. Cities and towns now existing under special charters may reorganize under the general laws of the State, and when so reorganized their special charters shall cease and determine."

The one mile radius provision in the general law has the effect of limiting the area of the class of towns under consideration to approximately 3.14 square miles. While Folly Island has an area less than the foregoing limitation, its length extends far beyond one mile from the center. Unless, therefore, the 1950 amendment is upheld, the charter issued to the town of Folly Beach is invalid. We think the court below properly sustained the constitutionality of this amendment.

Under the general law towns and cities are classified on the basis of population. We do not think that the act of 1950 undertakes to make a different classification. An island incorporated thereunder is still classified as a town of less than 1,000 inhabitants and, as such, is covered by all of the provisions applicable to municipalities of that class. The effect of the 1950 amendment is merely to permit islands to be incorporated as towns in accordance with their natural geographical boundaries. It does not change the system of government or the powers and privileges granted to all towns having a population of less than 1,000. Except for this legislation it would not be practical for the inhabitants of a number of islands in this State to incorporate.

The 1950 amendment is not a special law but general in its application to all islands. There are substantial grounds for exempting them from the requirement that the radius should not exceed one mile. The limit of judicial inquiry in a matter of this kind "is whether the basis adopted bears any reasonable relation to the subject to which the legislature has applied it, and whether it is germane to the law. Unless the classification adopted by the legislature is plainly illusory or may be applied illusively, the judgment

of the legislature must prevail." 37 Am. Jur., Municipal Corporations, Section 101.

Our conclusion as to the validity of the 1950 amendment is supported by the case of *Pacific American Fisheries v. Whatcom County,* 69 Wash. 291, 124 P. 905. Also, see *Forde v. Owens, Mayor,* 160 S. C. 168, 158 S. E. 147. The situation here is quite different from that presented in *Thomas v. Macklen,* 186 S. C. 290, 195 S. E. 539, 543, where the court held unconstitutional an act providing for incorporation of "resort communities"; which undertook to fix a method for the appointment of a town council wholly different from that provided under the general law. The court said that this statute authorized for Myrtle Beach "a permanent and comprehensive system of municipal government not only essentially different from that established for the remainder of the state by the general statutes, but directly at variance with it."

The next question is whether, in view of the statute establishing a township government for Folly Island, a town may thereafter be established under the general law coextensive in area with that of the township government? The court below answered this question in the negative. It was stated "that until the act establishing the township is repealed, it is not possible to incorporate the area as an incorporated town." Otherwise, the court said: "there would exist two governments in the same territory, exercising similar powers at the same time. Such a situation cannot be permitted."

We are in full accord with the well settled principle that "there cannot be at the same time, within the same territory, two distinct municipal corporations, exercising the same powers, jurisdiction, and privileges." Dillon, Municipal Corporations, (5th Ed.), Vol I, Sec. 354, page 616. To the same effect: *In re Sanitary Board of East Fruitvale Sanitary District,* 158 Cal. 453, 458, 111 P. 368; *City of Aurora v. Aurora Sanitation District,* 112 Colo. 406, 149 P. (2d) 662; *City of Galena Park v. City of Houston,* Tex. Civ. App., 133 S. W. (2d) 162; *City of*

*Homewood v. Wofford Oil Co.,* 232 Ala 634, 169 So. 288; McQuillen, Municipal Corporations, (3rd Ed.) Vol. II, Section 7.08, page 269; 62 C. J. S., Municipal Corporations, § 85. It has been stated that "this rule does not rest upon any theory of constitutional limitation, but upon the practical consideration that intolerable confusion instead of good government, almost inevitably would attain in a territory in which two municipal corporations of like kind and powers attempted to function coincidentally." *City of Aurora v. Aurora Sanitation District, supra* [112 Colo. 406, 149 P. (2d) 664]. The foregoing inhibition does not prevent the formation of two municipal corporations coextensive in area for different purposes. Stated differently, "the legislature may, for one purpose, create a municipal corporation embracing territory situated wholly or partly within the boundaries of another municipal corporation already organized for another purpose." 37 Am. Jur., page 633. Illustrations of this will be found in some of our decisions, including *Rutledge v. Greater Greenville Sewer District,* 139 S. C. 188, 137 S. E. 597; *Floyd v. Parker Water and Sewer District,* 203 S. C. 276, 17 S. E. (2d) 223; *Ashmore v. Greater Greenville Sewer District,* 211 S. C. 77, 44 S. E. (2d) 88, 173 A. L. R. 397.

But it does not follow from the foregoing that the creation of the township government for Folly Island had the effect of denying to the inhabitants thereof the right to subsequently incorporate said area as a municipality. It would seem clear that the General Assembly may not directly set up areas within the State and deny the formation of towns therein. This would destroy the generality of the laws relating to the organization of municipal corporations. We are in full accord with statement of counsel for the township commissioners that "if the General Assembly cannot obtain the result directly, it should not be permitted to do so indirectly by organizing townships whose existence would preclude incorporation."

In view of the foregoing conclusion, what is the result if the corporate existence of each of the units of government here involved is sustained? Counsel for the township commissioners say that the only remedy is the repeal of the township act by the General Assembly. We do not agree.

The legislation creating the township government for ▮ Folly Island was enacted subject to the right of the inhabitants thereof to incorporate as a town under Article 8 of the Constitution and the general law relating to the formation of towns and cities. Upon incorporation as a town, the powers and functions of the township commissioners were superseded by the newly created municipal government, at least to the extent of any conflict between the jurisdiction and powers of the two units of government. As pointed out in *Gaud v. Walker,* 214 S. C. 451, 53 S. E. (2d) 316, 327: "All sections of the Constitution must be considered together and harmonized, if possible. The authority to make special provision for municipal government must be interpreted in the light of all other provisions and restrictions contained in the Constitution." Accordingly, the powers vested in the General Assembly by Article 7, Section 11 of the Constitution to provide for township government and to make special provision for municipal government must be considered and harmonized with Article 8 of the Constitution relating to the organization and government of towns and cities. The township government in question was imposed upon the inhabitants of Folly Island by legislative fiat. Subsequently these inhabitants by their voluntary act and vote sought to incorporate said area as a town. It could not have been the legislative intent to continue the existence of this township government, particularly as to those functions and powers ordinarily vested in the corporate authorities of towns and cities, after the inhabitants of this area had exercised the right under the general law to adopt a municipal government.

The case of *In re Sanitary Board of East Fruitvale Sanitary District, supra,* 158 Cal. 453, 458, 111 P. 368, fully

sustains the foregoing conclusion. The views herein expressed in no way conflict with *Board of Township Commissioners for Sullivan's Island v. Buckly*, 82 S. C. 352, 64 S. E. 163, so strongly relied upon by counsel for the township commissioners. In the *Buckly case* the court had under consideration certain acts of the General Assembly repealing the charter of the town of Moultrieville on Sullivan's Island and establishing for said island a township form of government. It was held that the General Assembly was empowered to repeal a charter of a municipal corporation and that the act creating the township form of government did not constitute special legislation prohibited by the Constitution, particularly in view of the unusual situation prevailing on Sullivan's Island. There was not involved, as here, two units of government undertaking to discharge the same functions.

The next question is the validity of the act establishing the township form of government. The court below upheld the constitutionality of this legislation under Section 11, Article 7 of the Constitution authorizing the General Assembly to provide for township government and to make special provision for municipal government, and cited in support of this conclusion *Board of Township Commissioners for Sullivan's Island v. Buckly, supra,* 82 S. C. 352, 64 S. E. 163. The holding of the court below in this respect is vigorously challenged by counsel for the town of Folly Beach, who contend that the act is special legislation of the sort prohibited by the Constitution and also violates Article 8, Section 2, which requires the consent of the majority of the electors before a town may be incorporated. It is argued that the General Assembly may not, under the guise of providing for township government, create a *town* and that the test is not the nomenclature given to the government formed but whether the functions and powers vested in the governing body are those belonging to towns and cities.

In *Floyd v. Parker Water and Sewer Sub-district, supra,* 203 S. C. 276, 17 S. E. (2d) 223, we upheld an act enlarging the powers of a district established to furnish water and

sewerage by adding the functions of providing fire protection and garbage disposal, which are services generally furnished by towns and cities, but the area of the district did not include any incorporated towns.

We have been unable to find any decision of this court passing directly upon the question now presented. It is an interesting and important one, which we leave undecided. If it is hereafter determined that the requisite number of electors have approved the incorporation of the town of Folly Beach, it will not be necessary to determine the validity of the act creating the township government.

The final question for determination is whether in organizing the town of Folly Beach, there has been a compliance with Article 8, Section 2 of the Constitution, which is as follows:

"No city or town shall be organized without the consent of the majority of electors residing and entitled by law to vote within the district proposed to be incorporated; such consent to be ascertained in the manner and under such regulations as may be prescribed by law."

It appears that 438 registration certificates have been issued to residents of Folly Island. As previously stated, at the election held for the purpose of determining the question of incorporation, the vote was 166 for and 20 against the formation of the town of Folly Beach. The Secretary of State issued the charter on the certification by the election managers that a majority of the electors residing on Folly Island had voted in favor of incorporation. It is stated in one of the briefs that this certification was based on an investigation which showed that 111 of those listed on the registration books were no longer residents of Folly Island.

It is contended by the township commissioners that the question of compliance with Article 8, Section 2, above mentioned, should be determined solely on the basis of the number of names appearing on the registration books and that this is controlling. The court below found no

merit in this contention and held that it was proper to revise the registration list by eliminating those who may have become disqualified, died or removed from the island, and that there must be a reference to determine the number of electors residing and entitled by law to vote within the island at the time of the proposed incorporation. There is no appeal by appellants from the foregoing conclusion of the court below. We are only called upon to pass upon the contention made by respondents, which is untenable. We find nothing in the Constitution or in the statutory law of this State to support the view of the township commissioners that a registration list, unrevised as the one in question was, is conclusive of the number of electors residing and entitled to vote within the district proposed to be incorporated.

The order appealed from is reversed in part and affirmed in part, and the case is remanded for further proceedings in accordance with the views herein expressed.

STUKES and TAYLOR, JJ., and E. H. HENDERSON, A. A. J., concur.

J. M. BRAILSFORD, JR., A. A. J., disqualified.