16757

WAGENER v. JOHNSON *ET AL.*
(76 S. E. (2d) 611)

Mr. *William H. Grimball, Jr.,* of Charleston, *for Appellant,*

*Messrs. Hammond C. Bowman,* and *Sinkler, Gibbs & Simons,* all of Charleston, *for Respondents,*

June 30, 1953.

STUKES, Justice.

The Township of Folly Island, which consists of the territory of Folly Island, off Charleston, is governed by a Board of Commissioners, created and functioning pursuant to section 14-1261 *et seq.* of the Code of 1952. Recent effort to incorporate the area as a town failed. *Wagener v. Smith,* 221 S. C. 438, 71 S. E. (2d) 1. Upon remand of that case it was referred to the master who found that a majority of the electors residing in the area had not voted in favor of incorporation of the proposed town, which was confirmed by the court and the case was ended adversely to the proponents of incorporation under the general law. Art. VIII, § 2, Constitution of 1895.

Thereafter the General Assembly at its 1953 session passed the following Act, approved by the Governor on May 9, 1953, which we copy from the agreed transcript of record for this appeal:

"An Act to Empower the Board of Township Commissioners of Folly Island to issue Waterworks Revenue Bonds of the Township of Folly Island, in Charleston County, Pursuant to Sections 59-361 to 59-415, Inclusive, Code of Laws of South Carolina, 1952, in such Amount as may be Necessary to Defray all Costs of Constructing a Water-

works System for the Township of Folly Island, and to Commit to Said Board of Township Commissioners the Function of Constructing, Operating and Maintaining a Waterworks System for the Territory of Folly Island.

"Be it enacted by the General Assembly of the State of South Carolina:

"Section 1. The Board of Township Commissioners of Folly Island shall be empowered to issue bonds on behalf of the Township of Folly Island pursuant to Sections 59-361 to 59-415, inclusive, Code of Laws of South Carolina, 1952, to obtain funds to defray all costs and expenses incident to the constructing of a Waterworks System for the territory embraced within the territorial limits of the Township of Folly Island. Said Board of Township Commissioners shall be empowered to cause the construction of such Waterworks System and to operate and maintain the same in such fashion as to enable said Board to faithfully discharge all covenants and undertakings made in the issuance of the Waterworks Revenue Bonds herein authorized, and such bonds shall be valid and binding obligations according to their tenor and effect.

"Sec. 2. The functions committed to the Board of Township Commissioners of Folly Island by this Act shall be exercised by such Board and its successors in office, and such Board of Township Commissioners shall continue to exist, to be constituted in the manner provided by Article 8, of Chapter 24, of Title 14, Code of Laws of South Carolina, 1952, and to exercise the functions granted to it by this Act notwithstanding that the status of the Board as a Board of Township Commissioners be altered, changed or voided, or notwithstanding that other functions, now being exercised by said Board, be removed from said Board by statute, operation of law, or by decree of any court of competent jurisdiction.

"Sec. 3. All Acts or parts of Acts inconsistent herewith be and the same are hereby repealed to the extent of such inconsistencies.

"Sec. 4. This Act shall take effect upon its approval by the Governor."

It was the manifest legislative intent to authorize the ▮ issuance of the bonds and thereby provide waterworks for the territory of the township, regardless of the validity of the statutory provisions embraced in Code section 14-1261 *et seq.,* and the 1953 act may be fairly, and is, construed to create of such territory a special district for waterworks purposes and the administrative board therefor was constituted by designation of the township commissioners, elected or appointed pursuant to the cited code provisions, and their successors. They are the agents for the accomplishment of the legislative purpose. *Lillard v. Melton,* 103 S. C. 10, 87 S. E. 421. There is no attack on their capacity or qualifications. This anticipates the decision which must inevitably follow.

By her complaint the plaintiff (now appellant) sought judgment that all of the code sections relating to the government of the township are invalid for violation of specified provisions of the Constitution of 1895; that the commissioners who are the defendants are therefore without legal status and that they may not proceed with the issuance of the proposed bonds, either under the act of 1953 or other law. She alleged that she is a resident and taxpayer of Folly Island, Charleston County, and as such will be materially affected by the matters alleged in the complaint; but she did not complain of any taxes levied upon her or her property, indeed none are contemplated by the act of 1953; and she did not allege that she will not be benefitted by the public improvement of the projected waterworks. The gravamen of the complaint is that because of the alleged unconstitutionality of the code sections which relate to the township, there will be uncertainty and confusion as to the validity of the proposed bonds and the right of the defendants to construct, operate and maintain the waterworks. In the view we take, there will be no such uncertainty or confusion.

The answer controverts the legal conclusions of the complaint and asserts the right of the defendants to proceed under the act of 1953 and as authorized by it, irrespective of the constitutionality of the statutes which purport to establish and govern the township as such.

The case was heard on the pleadings by the circuit court whose decree begins with the following sentence: "The suit here is brought to determine if the defendants may lawfully issue sufficient revenue bonds to pay the cost of constructing a waterworks system for the Township of Folly Island, and if they may thereupon construct, operate and maintain such system." It was found that prior to commencement of the unsuccessful proceedings to incorporate as a town the defendants had obtained from the Reconstruction Finance Corporation, a federal agency, a commitment to purchase sufficient revenue bonds to finance the construction of a waterworks system, which was stymied by the former litigation. Upon termination of the latter the defendants proceeded with plans for the project. It was first soundly concluded in the judgment of the court, as follows:

"I am satisfied that the 1953 enactment is valid, and affords to the defendants a lawful vehicle whereby to issue revenue bonds (in conformity with Code Sections 59-361 to 59-415, inclusive) to finance the Waterworks System, and thereupon to construct, operate and maintain the same for the territory embraced within the territorial limits of the present Township of Folly Island. The legislative intent here is perfectly clear and it makes no difference whether the status of the defendants, under the legislation incorporating the township, be *de jure, de facto* or null and void. The General Assembly may make provision for a Waterworks System for this area and delegate to the defendants the function of financing, constructing, operating and maintaining such Waterworks System. Numerous decisions of our Court uphold the validity of legislation creating special purpose districts, including districts established for the purpose of constructing, operat-

ing and maintaining Waterworks Systems and it is needless for me to discuss this question in further detail. *Rutledge v. Greater Greenville Sewer District,* 139 S. C. 188, 137 S. E. 597; *Floyd v. Parker Water & Sewer Sub-District,* 203 S. C. 276, 17 S. E. (2d) 223; *Ashmore v. Greater Greenville Sewer District,* 211 S. C. 77, 44 S. E. (2d) 88, 173 A. L. R. 397."

It should be emphasized that the bonds proposed to be issued are "revenue bonds", for the payment of which the credit and taxing power of the township or district are not pledged, which differentiates and effectively distinguishes the case in this respect from *Doran v. Roberston,* 203 S. C. 434, 27 S. E. (2d) 714. Later cases of like import to those cited by the lower court are *Sanders v. Greater Greenville Sewer Dist.,* 211 S. C. 141, 44 S. E. (2d) 185, and *Welling v. Clinton-Newberry Natural Gas Authority,* 221 S. C. 417, 71 S. E. (2d) 7.

The court went further, unnecessarily we think, and examined and upheld as constitutional code section 14-1261 *et seq.,* relating to the establishment and government of the Township of Folly Island. It is axiomatic that a court will not ordinarily pass upon the constitutionality of an act of the General Assembly unless it is essential to the decision of the case at hand. It does not appear that unusual circumstances exist in this case which should be held to take it out of the stated rule, as did in the *Ashmore case, supra.* We therefore refrain from such an adjudication, or expression of opinion thereabout.

The result is that the revenue bonds, if and when issued in accord with the terms of the act of 1953 and the sections of the 1952 Code to which it makes reference, will be valid and binding obligations of the district, of the tenor and terms prescribed in the authorizing statutes.

The exceptions are overruled and the judgment of the lower court is affirmed upon the ground and to the extent which have been stated.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.