16904

HINNANT v. SOUTH CAROLINA STATE HIGHWAY DEPT.

(83 S. E. (2d) 209)

T. C. *Callison*, Attorney General, and *James S. Verner*, Assistant Attorney General, of Columbia, *for Appellant*,

*Messrs. C. R. Burbage* and *William H. Grimball, Jr.*, of Charleston, *for Respondent*,

August 12, 1954.

STUKES, Justice.

This action is upon a complaint for damages to plaintiff's person and property which are alleged to have resulted from a defect in Center Street, Folly Beach, which is a part of the State Highway System. One of the defenses contained in the answer is that the accident occurred within the limits of Folly Beach Township, a municipal corporation, wherefore the action cannot be maintained against the defendant. Plaintiff moved to strike the alleged defense upon the ground that the Township is not a municipality, as referred to in Section 33-234 of the Code of 1952. The motion was granted after hearing by the special presiding Judge, the Honorable Henry C. Jennings, who struck out the defense, and defendant appealed.

By reference to the recent decisions of *Wagener v. Smith*, 221 S. C. 438, 71 S. E. (2d) 1, and *Wagener v. Johnson*, 223 S. C. 470, 76 S. E. (2d) 611, it is seen that Folly Beach (the same as Folly Island) is not a city or town but a township, although vested with many of the usual powers of a city or town. For the latter, also see section 14-1261 *et seq.* of the Code which apply to the Township of Folly Island and constitute a part of Chapter 24, of Title 14, Counties, which relates to Charleston County, of which the Island is a part. These statutes contain no authorization of suit against the Township upon the cause of action alleged in the complaint, which is important in the construction of the relevant statutes, as will hereinafter appear.

Code section 33-112 designates as State highways sections of such highways which lie within the limits of incorporated municipalities, which clearly refers to cities and towns. The section of road here concerned appears from Act No. 64 of the General Assembly of 1943, Act April 3, 1943, 43 Stat. 85, to have been previously maintained by Charleston County, called the "Folly Beach Road," as a toll road, and was incorporated into the State Highway System perforce that act. Section 2 of it provides that, quoting, "thereafter the said road is hereby declared to be a part of the State Highway System."

Damage claims and suits against appellant Highway Department, which is an agency of the State and partakes of its sovereign immunity from suit, are authorized by Code section 33-229 *et seq.* Section 33-234 provides, in part, that in case of actionable injury or death, quoting, "within the limits of any municipality of the State (the plaintiff) shall have such right of action against the municipality in which such damages, injuries or death may be suffered as is provided by law applicable to municipalities and the remedy thus afforded shall be exclusive." *Bell v. South Carolina State Highway Dept.*, 204 S. C. 462, 30 S. E. (2d) 65.

The provision of law applicable to municipalities, referred to in the foregoing Section 33-234, is plainly section 47-70 of the present Code, which authorizes actions for damages from defects in streets, quoting, "within the limits of any city or town". It was in substance, section 7345 of the Codes of 1932 and 1942, referred to in the *Bell case, supra.* There is no similar or other enabling act which is applicable to a township, Folly or other, and the latter (because it is a governmental subdivision of the State) is therefore immune from suit for damages such as that in hand. The statute expressly contemplates a remedy by reference to "the remedy", which the respondent here would not have under appellant's contention.

We therefore agree with the lower court that the term "municipality" used in section 33-234 means a city or town, and not a township or other subdivision of the State which is not subject to such a suit. The term and variations of it sometimes have such broader meaning, *Gaud v. Walker,* 214 S. C. 451, 53 S. E. (2d) 316, and authorities there cited, but not in this instance, in view of the clear, contrary legislative intent which the cited statutes show.

Affirmed.

TAYLOR, OXNER and LEGGE, JJ., and M. M. MANN, Acting Associate Justice, concur.