## 20527

Clarence A. KALK, Charles E. Krampf and Frank M. Haynie, as members of a class of residents of Briarcriffe Acres Subdivision, Appellants, v. O. Frank THORNTON, as Secretary of State of South Carolina and Frank X. Green, B. L. Turner, A. L. Emptage, Frank Topham and Warren N. Riker, as Commissioners, Respondents.

(238 S. E. (2d) 210)

*Burroughs, Green, Sasser, Hudson & Bruner,* of Conway, for *Appellants,*

*Treva G. Ashworth, Asst. Atty. Gen.,* of Columbia, *for Respondent Thornton,*

*Stevens, Stevens & Thomas,* of Myrtle Beach, *for Respondents Green, Turner, Emptage, Topham* and *Riker,*

October 13, 1977.

GREGORY, Justice:

This is an appeal from the order of the lower court upholding the incorporation proceedings of the Town of Briarcliffe Acres. We affirm.

In April 1973, Frank X. Green and other residents of Briarcliffe Acres submitted a petition to the Secretary of State seeking the issuance of a commission for an election on the question of the incorporation of the Town of Briarcliffe Acres. Briarcliffe Acres is a subdivision lying between Myrtle Beach and North Myrtle Beach. The Secretary of State refused the petition.

Relief was then sought in the courts and in December 1974, the Honorable E. Harry Agnew issued a writ of mandamus ordering the issuance of the commission authorizing the holding of the incorporation election. Appellants to the case now before the Court appealed Judge Agnew's order.

In *Green v. Thornton,* 265 S. C. 436, 219 S. E. (2d) 827 (1975), this Court affirmed the issuance of the writ of mandamus.

On February 17, 1976, the incorporation election was held and the incorporation was approved. Thereafter the Secretary of State issued a certificate of incorporation.

Appellants brought an action challenging the incorporation election and obtained a temporary restraining order enjoining the scheduled election of officers. After a hearing before the Honorable Wade S. Weatherford, the temporary restraining order was made permanent and appellants were awarded a judgment on the merits by order dated October 13, 1976.

On petition of respondents this Court granted supersedeas and permitted the election of officers to take place. Following the election Judge Weatherford temporarily enjoined the newly elected officials from taking any action in their official capacity.

After a hearing on the merits, Judge Weatherford issued his final order, dated December 8, 1976, upholding the incorporation election and the election of officers and dissolving the injunction. Appellants took exception to Judge Weatherford's order and this appeal followed.

This controversy concerns a proviso contained in the new municipal incorporation statute enacted by the General Assembly as part of Act No. 283 of the 1975 Acts of the General Assembly and signed into law by the Governor on June 25, 1975. The incorporation procedures set forth in that statute, Section 5-1-30, 1976 Code of Laws of South Carolina, are different from those in effect at the time the residents of Briarcliffe Acres initiated their incorporation. The proviso in question exempts from the newly enacted requirements all incorporation proceedings initiated prior to the effective date of the statute. The proviso reads as follows:

Provided, that this section shall not apply to those areas which have petitioned to the Secretary of State prior to June 25, 1975 or which may be under adjudication in the courts of this State.

It is conceded the only area to which this proviso ultimately applied is Briarcliffe Acres.

Appellants' first four exceptions are to the lower court's determination that the above cited proviso is not special legislation. Appellants challenge the proviso under the provisions of Article III Section 34 Subsections II and IX, and Article VIII Sections 8 and 10 of our Constitution:

Article III Section 34: The General Assembly of this State shall not enact local or special laws concerning any of the following subjects or for any of the following purposes, to wit:

II. To incorporate cities, towns or villages, or change, amend or extend charter thereof.

IX. In all other cases, where a general law can be made applicable, no special law shall be enacted.

\* \* \*

Article VIII Section 8: The General Assembly shall provide by general law the criteria and the procedures for the incorporation of new municipalities. . . . No local or special laws shall be enacted for these purposes; . . ..

\* \* \*

Article VIII Section 10: No laws for a specific municipality shall be enacted, and no municipality shall be exempted from the laws applicable to municipalities or applicable to a particular form of government selected by any municipality as authorized by Section 9 of this article.

The purpose of the cited constitutional provisions is to place a limitation on the authority of the General Assembly, *State v. Hammond,* 66 S. C. 219, 44 S. E. 797 (1903), and to require that all legislative enactments be general and not special.

We may declare the challenged proviso of Section 5-1-30 unconstitutional special legislation only if that result is indicated beyond a reasonable doubt. *Owens v. Smith,* 216 S. C. 382, 58 S. E. (2d) 332 (1950).

The proviso is general in form. In operation it applies to all areas falling within the class established, and excludes none from its application who reasonably should be included. The purpose of the proviso, which was added to the proposed legislation on April 23, 1974, is to permit those persons who acted in good faith compliance with the then existing incorporation requirements to complete their incorporation process according to the law in effect immediately prior to the effective date of Section 5-1-30. The proviso thus insured that Section 5-1-30 would operate prospectively only.

The fact that the proviso ultimately affected only one person or one locale does not make it special legislation. *Timmons v. South Carolina Tricentennial Commission,* 254 S. C. 378, 175 S. E. (2d) 805 (1970).

Appellants also contend the proviso is special legislation because it was proposed by the Senator from Horry County for the express purpose of securing thereby a special result for Briarcliffe Acres. We note, however, that both houses of the General Assembly and the Governor, not the Senator from Horry County, gave the force and effect of law to this proviso. For this reason we will not permit legislative history to transform a law that meets every other test of a general law into special legislation. *City of Newport News v. Elizabeth City County,* 189 Va. 825, 55 S. E. (2d) 56 (1949).

We agree with the lower court that Section 5-1-30 is not special legislation.

Appellants' fifth exception argues the trial judge erred by amending his order of October 13, 1976 and validating the incorporation proceedings on a ground

not stated in respondents' notice of motion to amend the October 13, 1976 order. Since appellants did not raise this objection before the trial judge for his consideration the question is not properly before this Court. *Smith v. Smith,* 264 S. C. 624, 216 S. E. (2d) 541 (1975). Assuming *arguendo* the matter is before this Court, the exception is without merit because appellants were present at the hearing and there is no showing they were surprised or prejudiced as a result of the lack of notice. *Skinner v. Skinner,* 257 S. C. 544, 186 S. E. (2d) 523 (1972); *Galloway v. Galloway,* 249 S. C. 157, 153 S. E. (2d) 326 (1967); *Cooper River Timber Co. v. Cone,* 181 S. C. 288, 187 S. E. 341 (1936); and *Savannah Guano Co. v. Home Bank of Barnwell,* 119 S. C. 25, 111 S. E. 78 (1922).

The final exception arises from a gap that existed in the municipal incorporation laws at the time this action was initiated. The new incorporation statutes contained no provision for the election of the initial governing body of ·a newly incorporated municipality, and contained no provision for the number of councilmen to be elected, their terms of office, or the method of election.

The residents of Briarcliffe Acres held an election for officers and elected a mayor and four councilmen in compliance with the statutory incorporation requirements in effect immediately prior to the effective date of the new procedures. Appellants urge this election was unauthorized and therefore void.

After this question was briefed by the parties but before oral argument, the gap that gave rise to this litigation was filled by the enactment of Act No. 152 of the 1977 Acts of the General Assembly. Act No. 152 amends Section 5-1-50, 1976 Code, and provides:

. . . when any community votes in favor of incorporation pursuant to this section and selects a form of government in such election, . . . the initial governing body of the incorporated municipality shall consist of four council mem-

bers and a mayor, all elected at large in a nonpartisan election for terms of two years.

The managers of electon shall conduct the election, unless otherwise provided in this article, according to the general law governing the conduct of special elections *mutatis mutandi*.

Appellants conceded at oral argument the election of officers conducted by Briarcliffe Acres complied with the provisions of Act No. 152.

■ It is generally held the legislature may validate the acts of a municipal corporation if the legislature had the authority to authorize the act in the first instance. *City of Florence v. Turbeville*, 239 S. C. 126, 121 S. E. (2d) 437 (1961) ; 62 C. J. S. Municipal Corporations § 196; 16 Am. Jur. (2d) Constitutional Law § 432; Vol. 2 Sutherland Statutory Construction § 41.15 (4th ed.) ; Vol. 1 McQuillan Municipal Corporations § 3.47 (rev. 1971) ; Vol. 2 McQuillan Municipal Corporations § 4.15 (rev. 1966).

■ Any defects in the election of officers for Briarcliffe Acres were cured by the enactment of Act No. 152 of the 1977 Acts of the General Assembly.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.