23199

NORTH CAROLINA ELECTRIC MEMBERSHIP CORPORATION, North Carolina Municipal Power Agency Number One, Duke Power Company, and Piedmont Municipal Power Agency, Appellants v. Murray B. WHITE, Jr., Peggy G. Upchurch, Caldwell A. Barron, John M. Douglas, J. B. Comer, David Vipperman and Joe D. Newton, in their capacity as members of the County Council of York County, South Carolina, the County Council of York County, South Carolina; the Western York County Water and Sewer District of York County, South Carolina; the County of York, South Carolina; Gerald H. Kemp, Jr., Julian Dickerson, Joe Johnson, Ron Wilson, Tom Burton, David A. Cyphers and Freddie M. Clinton, in their capacity as members of the Board of Directors of the Western York County Water and Sewer District, Respondents.

(391 S.E. (2d) 571)

Supreme Court

*R. W. Dibble, Jr., Jane W. Trinkley, McNair Law Firm,*

*P.A.*, Columbia, *J. Phil Carlton* and *Susanna K. Gilchrist*, *Poyner & Spruill*, Raleigh, N.C., *for appellants.*

*Melvin McKeown, Jr., Spratt, McKeown & Bradford,* York, *Charlton deSauusure, Jr., Belton T. Zeigler* and *Virginia Vroegop, Sinkler & Boyd,* Columbia, *for respondents.*

Heard June 9, 1989.

Decided April 30, 1990.

FINNEY, Justice:

This is an appeal from a declaratory judgment order. The appellants, several electrical power companies (power companies), brought suit challenging the constitutionality of a 1986 ordinance passed by respondent York County Council (County Council). The trial court upheld the 1986 ordinance. We reverse.

In 1986, County Council followed prescribed procedure and enacted an ordinance creating a special tax district (new district) to provide water and sewer service to Western York County. The 1986 ordinance also authorized the issuance of up to 22 million dollars worth of bonds to finance construction of facilities for water treatment, distribution and sewer service within the new district.

The power companies, which own a nuclear generating facility in the new district, filed suit to enjoin implementation of the new district, arguing that it unlawfully overlaps another special purpose district created in 1966 (the old district). In 1984, when the new district was first proposed, the General Assembly attempted to cure any problems of overlap by passing Act No. 618, which repealed the legislation establishing the old district.

The trial court heard cross motions for summary judgment on June 2, 1987, and issued its order on July 1, 1987. The circuit court ruled that Act No. 618 was unconstitutional special legislation, denied County Council's motion for summary judgment and granted summary judgment to the power companies, holding that the 1986 ordinance was invalid. County Council appealed that ruling to the Supreme Court.

On November 16, 1987, while its appeal was pending, County Council adopted an ordinance, pursuant to S.C. Code

Ann. § 6-11-410 to 470 (1976), reducing the size of the old district. The sole purpose and express intent of this 1987 ordinance was to eliminate any overlap between the new and old districts.

Upon motion of County Council, this Court remanded the appeal for the circuit court to review its initial order in light of the 1987 ordinance. In a subsequent order dated July 8, 1988, the circuit court found that the new district was validly created, and that any impediment to its implementation had been cured by County Council's realignment of the old district's boundaries. The power companies appeal the July 8, 1988, order.

In this appeal, the power companies argue that although the overlap has been removed, County Council may not now implement the new district created under the 1986 ordinance because the entire district was invalidated by the flaw in its inception. They contend that County Council must fully comply with § 4-9-30(5)(b) prior to enacting another ordinance establishing the disputed new district.

County Council asserts that by reducing the size of the old district, they cured any defect prohibiting implementation of the 1986 ordinance. County Council relies on the fact that Courts of this State have afforded public bodies latitude in curing defects in legislative enactments which, but for those defects, were otherwise within the powers of the body in question. *Kalk v. Thornton*, 269 S.C. 521, 528, 238 S.E. (2d) 210, 213 (1977); *Green v. City of Rock Hill*, 149 S.C. 234, 248-252, 147 S.E. 346, 351-52 (1929).

This Court notes that *Green* and *Kalk* are distinguishable in that the municipalities' initial acts were not prohibited by law. The governments merely acted without specific authority and, subsequently, the legislature cured the defect by confering authority for the municipalities to act. In the present case, we find that County Council's 1986 ordinance violated state law by creating a new special purpose district which overlapped the old special purpose district. Therefore, we hold that it is necessary for a new ordinance to be enacted in accordance with the prerequisites of S.C. Code Ann. § 4-9-30(5)(b) (1976).

Section 4-9-30(5)(b) provides that a special purpose district may be created only upon the presentation of a petition signed by fifteen (15%) percent of the freeholders within the proposed district, the passage of a referendum, and enactment of an ordinance. Procedurally, County Council complied with § 4-9-30(5)(b) when the new district was created in 1986. Nevertheless, the 1986 ordinance was incurably flawed since the new district it sought to create was in violation of *Wagener v. Smith,* 221 S.C. 438, 71 S.E. (2d) 1 (1952), which prohibits overlapping special purpose districts having the same powers and functions. A municipal ordinance purporting to authorize an act in contravention of state law is void. *State v. Soloman,* 245 S.C. 550, 141 S.E. (2d) 818 (1965), appeal dismissed by *Soloman v. South Carolina,* 382 U.S. 204, 86 S. Ct. 396, 15 L. Ed. (2d) 270 (1965). The Texas Civil Appeals Court arrived at a similar conclusion when it held that a municipal ordinance which is void from the moment of its enactment cannot subsequently be made valid. *Young v. City of Seagoville,* 421 S.W. (2d) 485 (Tex. Civ. App. 1967).

We hold that the 1987 ordinance may not be given retroactive effect as remediation since the 1986 ordinance it sought to correct could not be validated. County Council's mere removal of overlap from the prohibited district without full compliance with § 4-9-30(5)(b) could not resurrect the illegal 1986 ordinance. Hence, the judgment of the trial court is reversed.

Reversed.

CHANDLER, C.J., TOAL, J., and SANDERS and GOOLSBY, Acting Associate Justices, concur.