H. A. HOLOMAN *v.* THE STATE.

1. LOTTERY.—The policy of this state in respect to lotteries is clearly shown by the prohibition contained in section 47, Article 3, of the Constitution of 1876.

2. SAME—"PRIZES."—Appellant sold "prize-candy" in boxes, at 50 cents each, representing each box to also contain a prize of money or jewelry—the purchaser selecting his box in ignorance of its contents. *Held*, a device in the nature of a lottery, and in violation of the Penal Code, subjecting the appellant to a fine of not less than $100 nor more than $1,000. Pasc. Dig., Art. 2039.

3. SAME.—*Randle* v. *The State*, 42 Texas, 580, cited by the court and fully concurred in.

APPEAL from the County Court of Hunt. Tried below before the Hon. H. B. SIMONDS, County Judge.

The case is stated in the opinion.

*E. W. Terhune*, and *Jones & Lewis*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

ECTOR, P. J.   The defendant was tried on an information filed by the county attorney in the county court of Hunt county, for the establishment of a lottery, and his fine assessed at $100.

The charging part of the information is as follows : " One H. A. Holoman, late of the county of Hunt, on the 8th day of December, A. D. one thousand eight hundred and seventy-six, with force and arms, in the county of Hunt and state of Texas, did then and there, under the pretense of selling and vending a certain article of merchantable personal property called candy, establish a lottery, which lottery was then and there set on foot for the purpose of unlawfully disposing of personal property, to wit, money, rings, and other articles of jewelry, by chance, by then and there exposing to sale divers candy-boxes, at fifty cents each, which boxes were then and there represented by said H. A. Holoman to contain candy and prizes, one of said lot, not specified, being then and there represented by said Holoman to contain ten dollars, and others of said boxes being then and there represented by said Holoman as containing five dollars each.   That said H. A. Holoman did then and there dispose of, by said lottery, to one Charley Thayer, ten dollars, same being personal property, and did then and there dispose of, by said lottery, to divers other persons, certain personal property, to wit, certain pieces of money, rings, and other articles of jewelry, of value unknown to the said county attorney, contrary to the form of the statute," etc.

The information was drawn under Article 2039, Paschal's Digest, which is as follows : " If any person shall establish a lottery, or dispose of any estate, real or personal, by lottery, he shall be fined not less than one hundred dollars nor more than one thousand dollars."   Mr. Webster, in his unabridged dictionary, defines a lottery to be " a scheme

for the distribution of prizes by chance, or the distribution itself.''

The state proved all the allegations made in the information. The proof in this case shows the sale of candy, with sale of the chance for a prize, and that one of the witnesses purchased the candy in a box for 50 cents, and drew $10 in money; that the defendant represented that each box contained a prize of some sort—some money, and some jewelry; that one contained $10, and two $5; that the inducement offered by Holoman to those present, to get them to purchase the boxes, was the money or other prizes which he represented the boxes to contain; that there were $60 on the board. He sold the boxes in this manner: The party purchasing would pay Holoman 50 cents, and take a stick, which defendant had for that purpose, and point out the box which he wanted, and the box pointed out by the purchaser was handed to him by defendant. The witness, Charley Thayer, says he bought a box which contained candy and $10.

The policy of the state upon this subject is clearly shown by the Constitution. See Const. of 1876, Art. 3, sec. 47.

The manner of disposing of the boxes of candy, with a chance to get $10 or some less prize, as the evidence shows was done in this instance, is but an attempted evasion involving the lottery principle. The subterfuge resorted to by the plan of operations cannot avail the accused as a defense to the prosecution.

This question is thoroughly and fully discussed, and the authorities cited, in the case of *Randle* v. *The State* (42 Texas, 580), and we consider that it is only necessary to cite that case and say that we fully concur in the opinion of our supreme court rendered therein. We find no error in the record that would authorize a reversal of the judgment. The judgment is affirmed.

*Affirmed.*