## J. D. BARRY v. THE STATE.

### No. 1473. Decided April 27, 1898.

1. **Lottery—What Constitutes.**

Where the device operated by defendant was a stand so constructed that a spindle would be turned on a pivot horizontally, and the circumference of the board was divided into spaces by nails driven into the edge, and between the nails different articles of value were placed, the value being marked upon the article, and the players, by investing so much, were entitled to whatever article was in the space at which the spindle stopped; Held, this was a lottery in contemplation of article 373, Penal Code.

2. **Same—Legislative Power to License.**

The Legislature has no power to license lotteries, the same being absolutely required to be prohibited by the Legislature by express provision of article 3, section 47, of the Constitution, and article 5049, Revised Statutes, in so far as it may, by taxing such occupations, operate to license them, is clearly unconstitutional and void.

APPEAL from the County Court of Falls. Tried below before Hon. WILLIAM SHELTON, County Judge.

Appeal from a conviction for establishing a lottery; penalty, a fine of $100.

The opinion states the case.

The court charged the jury "that the establishing of a lottery by a person, notwithstanding the same may be licensed by law, and the license paid, is an offense against the law, and such license is no defense."

No briefs on file for either party.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of establishing a lottery, and appeals.

The principal contention made is that the State has levied an occupation tax upon lotteries, and therefore the offense denounced against lotteries ceased to be a criminal offense. There are other questions also suggested for our consideration in regard to charges given and refused. The information charges that appellant did "unlawfully establish a lottery, under the name and denomination of 'Cheap John Board,' and did then and there dispose of certain personal estate by said lottery." In his motion for a new trial, appellant suggests that the court erred in overruling his motion to quash the information, and refers us to his bill

of exceptions numbered 1. Said bill is not incorporated in the record, nor is the motion to quash the information. We are not therefore advised of the grounds of said motion.

The court charged the jury, at the instance of the State, that the establishing of a lottery by a person, notwithstanding the same may be licensed by law, and the license tax paid, is an offense against the law; and, further, that the State has no right to license a lottery, so that in case the jury should believe that, at the time and place mentioned in the information, "defendant carried on and established a lottery, by means of which personal property was disposed of by chance, and that defendant had obtained a license to run the lottery, you will find him guilty." The defendant excepted to this charge, and asked a counter charge,—that "it would not be a violation of the law for a person to keep or operate a knife rack, cane rack, doll rack, or any other device upon which rings are pitched, or at which balls are thrown." The charge asked by defendant is based upon article 5049 of the Revised Statutes of 1895, in force at the time of the trial (1896). That portion of said article is in the following language: "From every person or firm keeping a knife, cane or doll rack, or any other device upon which rings are pitched, or at which balls are thrown, an annual tax of one hundred dollars." The testimony discloses that the defendant kept a stand so constructed that a spindle would be turned on a pivot horizontally. The circumference of the board was divided into spaces by nails driven on the edge, and between the nails different articles of value were placed, such as pocket knives, shaving mugs, and other articles. Prices were marked on some of the articles. The shaving mug was marked 50 cents, and other articles at different prices. Some of the spaces had collar buttons, worth about 5 cents per dozen. · One of the witnesses testified that he had heard it called a "Cheap John Board," and also a "Cheap John Wheel." He said he would call it a "Wheel of Fortune." We are of opinion that these facts would constitute this a lottery, within the purview of article 373 of the Penal Code. See State v. Randle, 41 Texas, 292; Randle v. State, 42 Texas, 580.

If the section of article 5049, above quoted, was intended to license lotteries, then it is clearly unconstitutional and void. The Legislature has no authority to license lotteries in Texas, and any attempt on its part to do so would be nugatory. Article 3, section 47, of our Constitution, provides: "The Legislature shall pass laws prohibiting the establishment of lotteries and gift enterprises in this State, as well as the sale of tickets in lotteries, gift enterprises, or other evasions, involving the lottery principle established or existing in other States." However sweeping may be the taxing power of the Legislature in this State, it is not broad enough to set at naught the plain provisions of the Constitution. The court was therefore correct in giving the charge submitted, and did not err in refusing the special instruction requested by appellant. The quotation from article 5049 above would indicate that the matters therein

specified would constitute lotteries, they being simply matters of chance. This being true, the Legislature would not be authorized to license or tax these games. The judgment is affirmed.

*Affirmed.*