**Mary B. RICHARDSON, Appellant,**

**v.**

**E. G. WALSH et al., Appellees.**

**No. 13023.**

Court of Civil Appeals of Texas.

San Antonio.

July 11, 1956.

Rehearing Denied Aug. 8, 1956.

A. L. Truex, Philip E. Palmer, San Antonio, for appellant.

Eskridge, Groce & Hebdon, San Antonio, for appellees.

W. O. MURRAY, Chief Justice.

This suit was instituted by Mary B. Richardson, a feme sole, against E. G. Walsh, d/b/a Walsh & Burney Construction Company, and Walsh & Burney Co., Inc., seeking to recover damages for personal injuries received by her when she slipped and fell near the end of a ramp which had been constructed by defendants and who were under contract to keep it in good repair. Plaintiff entered the Santa Rosa Hospital, using the temporary wooden ramp entrance on the north side of the building, for the purpose of visiting her brother who was a patient in the hospital. She left the hospital by the north entrance and then turned to her left and proceeded down the wooden ramp until she reached the asphalt driveway, where the wooden ramp structure came to an end. From this point she could continue on across the street, take the board walk to her right, or the sidewalk to her left. She chose to continue on across the street. In the street in front of her, she saw an accumulation of mud and water over which some one had placed a board. She assumed the board had been placed there for the use of pedestrians, so she stepped on the board, the board slipped and she fell and was injured.

At the close of the evidence, defendants moved for an instructed verdict, which was granted, and Mary B. Richardson has prosecuted this appeal.

Appellant presents but one point, as follows:

"First Point: The trial court erred in granting defendants' motion for a directed verdict in that the evidence presented by plaintiff showed that defendants owed legal duties to plaintiff and the evidence raised fact issues of negligence on the part of defendants sufficient to require submission of same to the jury."

The trial court did not err in granting appellees' motion for an instructed verdict. The accident did not occur on the wooden ramp constructed by appellees but at a point in the street. Appellant fell at a point where the asphalt driveway crosses the sidewalk. The sidewalk is a part of the street. Grapotte v. Adams, 130 Tex. 587, 111 S.W.2d 690. The evidence does not show that the appellees or their employees placed the board across the mud and water. Even if appellees knew that the board was there, and in an unsafe condition, it was not their duty to remove the board. It is the duty of the City to keep its streets and sidewalks in reasonably safe condition, rather than the abutting property owners.

Appellees had contracted to keep the wooden ramp in a good condition but not the sidewalk and street. Latimer v. Walgreen Drug Co. of Texas, Tex.Civ.App., 233 S. W.2d 209.

The proof failing to show that appellees were responsible for the board being across the mud and water, there was no liability on their part. Brinlee v. Taylor Grain Co., Tex.Civ.App., 166 S.W.2d 724.

The judgment is affirmed.