**B & B VENDING COMPANY et al., Appellants,**

**v.**

**The CITY OF EL PASO et al., Appellees.**

**No. 14513.**

Court of Civil Appeals of Texas.

San Antonio.

Oct. 5, 1966.

Rehearing Denied Nov. 2, 1966.

———◆———

Brewster, Hoy & Cole, El Paso, for appellants.

Travis White, City Atty., Daniel Garbern, Asst. City Atty., Wade Adkins, El Paso, for appellees.

BARROW, Justice.

Appellants, B & B Vending Company and six other owners and/or operators of billiard tables in the City of El Paso, brought this suit to enjoin appellees, the City of El Paso and its Councilmen, from enforcing Ordinance No. 2976 (Sec. 14–72.1–17 of the City Code). The trial court refused to grant either a temporary or permanent injunction. This appeal is from a take-nothing judgment which was entered following a non-jury hearing on the application for a permanent injunction. Any error in not granting the temporary injunction is moot.

It was illegal to operate or maintain a pool hall within this State prior to the passage of an act by the 58th Legislature. Acts 1963, 58th Leg., Ch. 65, p. 114, expressly repealed Art. 653, Penal Code and Art. 4668, Vernon's Ann.Civ.St. This Act, which is codified as Art. 19.01(10), Taxation-General, V.A.T.S., permits cities and towns to levy a tax and to ban, prohibit, regulate, supervise, control or license anyone owning or operating a billiard table.[1] Pursuant to this authority, Ordinance 2976 was enacted by the City of El Paso, a home rule city.

Appellants sought this injunction upon three basic contentions which they now assert as the basis of this appeal: 1. The ordinance was never validly enacted in that this Act did not become effective until August 23, 1963, whereas the ordinance was passed on August 22, 1963. Further, the El Paso City Charter requires every ordinance to be read at two meetings prior to its adoption, and although this ordinance was first proposed at the August 15, 1963, meeting of the Council, the ordinance as finally adopted differed so substantially as to be a new ordinance. 2. The ordinance is void because, although denominated a licensing act, it is in fact a revenue act, and in any event it is discriminatory and deprives appellants of rights and property without due process. 3. The City has no statutory authority to regulate coin-operated billiard tables.

1. "(10) Billiard Tables. From every person owning and operating for profit and every firm, association of persons, corporations and every other organization, save and except religious, charitable or educational organizations, authorized under the laws of the State of Texas, owning and operating every billiard table, by whatever name called, and where the player thereon does not or is not required to make a coin deposit causing an electrical connection of any nature or kind before such game may be actually commenced, there shall be collected an annual tax of Five Dollars ($5) for each billiard table.
(a) Billiard Table Defined. A billiard table is defined as any table surrounded by a ledge or cushion with or without pockets upon which balls are impelled by a stick or cue.
(b) Cities and Towns May Levy Tax and License Owners and Operators. All cities and towns, whether incorporated under general or special law, shall have the power and authority to levy and collect a tax, equal to one half (½) of the amount herein levied, and may ban, prohibit, regulate, supervise, control or license, any person, firm, association of persons, or corporation, owning or operating a billiard table within the incorporated limits of such city or town, and to fix penalties for the violation thereof. Added Acts 1963, 58th Leg., p. 114, ch. 65, § 1."

This Act of the 58th Legislature became effective on August 23, 1963, which is 90 days after adjournment. The trial court found that Ordinance 2976, although adopted at the August 22, 1963, Council meeting, did not become operative until it was published on August 26, 1963. Sec. 181 of the El Paso City Charter requires all penal ordinances to be published in the designated official newspaper. This ordinance, being a penal ordinance, did not become operative until it was published. Texas Traction Co. v. Scoggins, Tex.Civ. App., 175 S.W. 1128, writ refused. The testimony of the City Clerk, which was admitted without objection, established that this ordinance was published on August 26, 1963. It thereby became operative after the City was given authority to license and regulate billiard tables.

After the Legislature passed this Act, the City Councilmen were urged to permit billiard tables in El Paso. Considerable study was made by them as to the proper action to be taken by the City to license and regulate billiard halls. On August 15, 1963, a lengthy hearing was had and Ordinance 2976 was passed on first reading. One of the principal contentions urged at this hearing was that the City should recognize the distinction between large billiard tables, as customarily used in regular pool halls, and smaller coin-operated tables, usually found in bars and lounges. As a result of this discussion, the ordinance was amended, and as amended was passed on August 22, 1963. The basic difference between the ordinance passed on first reading and as amended is that the licenses are divided into three classes, based upon the type of table used: Class "A" permits a noncoin-operated table, intended for use where billiard playing is one of the main attractions; Class "B", a coin-operated table, with or without pockets; and Class "C", a coin-operated table without pockets, the top of which does not exceed 60″ x 48″. The original ordinance did not distinguish between the types of billiard tables, and the fee for a license to operate one to three tables was $400.00 a year, plus $75.00 for each additional table. The amended ordinance provides for a fee of $250.00 for a Class "A" license, $75.00 for a Class "B" license, and $50.00 for a Class "C" license. Only one table may be exhibited on the same premises under either a Class "B" or "C" license.

The City Charter provides that no ordinance shall be finally adopted until it has been read in open meeting of the Council at two regular meetings. There is no requirement that the ordinance must be read twice "in final form." Appellants urge, however, that the amendments were so extensive as to make the final draft a new ordinance and therefore the reading prior to passage on August 22 was the first reading of same.

It is seen that both drafts of this ordinance dealt with the same purpose, the licensing and regulation of billiard tables. One of the primary objectives to be served by requiring the ordinance to be read at two meetings is to give interested persons an opportunity for discussion and to suggest needed changes. The City legislative body necessarily has the power to make changes as in its discretion will best serve the purpose of the ordinance. City of Corpus Christi v. Jones, Tex.Civ.App., 144 S.W.2d 388, wr. dism., judgm. correct; McQuillan, Municipal Corporations, 3d Ed., § 16.87. By way of analogy, although Art. 3, § 32, of the Texas Constitution requires in part that no bill shall have the force of law until it has been read on three several days in each House, it is fundamental that same may be amended after its first reading, providing its original purpose is not changed. Art. 3, § 30, Vernon's Ann.St.Tex. Const. The amendments did not defeat the original purpose and were not so substantial as to become a new ordinance.

Appellants urge that although the ordinance proposes to license and regulate billiard halls, in fact, it is a revenue measure, in that the City is not required to do anything to enforce the ordinance and the

fee charged is out of proportion to the cost of regulation. The law presumes that the fee is reasonable. It is our opinion that appellants failed to meet their burden of showing that the anticipated revenue has no reasonable relationship to the probable cost of enforcement of the ordinance. City of Fort Worth v. Gulf Refining Co., 125 Tex. 512, 83 S.W.2d 610 (Tex.1935).

Each of appellants testified that he had not noticed any increase in police activity in the bars and lounges after the coin-operated tables were installed other than as required to check and see that the tables were licensed. Neither the City nor the County had increased its police force. On the other hand, the evidence is uncontradicted that the City Council undertook to set the fees in an amount bearing a reasonable relationship to the cost of enforcement. These amounts were based upon computations furnished by the Police Department and were not contradicted by any evidence. Appellants did not establish that the primary purpose of this ordinance was for raising revenue and not regulation.

There is no showing of discrimination against appellants by the fact that the ordinance provides for three classes of licenses with different regulations for each class. There is no evidence that such classification is not reasonable, and in fact, under the evidence, appellants urged that a distinction be drawn between "regular size" billiard tables and "small" coin-operated tables. An ordinance may establish a classification so long as the classification is reasonable and applies equally to all persons who fall within the class. Producers Ass'n. of San Antonio v. City of San Antonio, Tex.Civ.App., 326 S.W.2d 222, wr. ref. n.r.e.

It is our opinion that the City did not exceed its statutory authority in attempting by this ordinance to control the ownership, operation, use and location of billiard halls, including setting up standards for owners and employees of such estab-lishments and their maximum hours of operation. The power to regulate and supervise necessarily includes the power to set reasonable standards. None of the standards required by this ordinance are shown to be unreasonable or discriminatory. A requirement that the applicant be of "good moral character" is not so indefinite as to be unconstitutional. Jordan v. State Board of Insurance, 160 Tex. 506, 334 S.W.2d 278 (Tex.1960). The fact that the Chief of Police is not required to be a lawyer does not disqualify him from determining if the applicant and the proposed location meet the requirements set forth in the ordinance. His action is subject to review by the City Council and the right to review necessarily includes the right to reverse such action. In any event, none of the appellants have been denied a license and none of said licenses have been revoked or suspended. They have not shown that this Act is unconstitutional by taking their rights or property without due process.

Appellants are primarily interested in Class "B" and Class "C" licenses, in that only one of them owns any interest in a noncoin-operated table. They assert that the City has no authority to regulate this type of table under the Act in question. It is seen that although the State occupation tax provided by this Act is limited to "non-coin-operated tables," cities and towns are given the authority to license, etc., any person owning or operating "a billiard table." Sec. (a) of this Act defines a billiard table without reference to whether same is coin operated or not. It is of no significance that an occupation tax is levied on same under authority given by Art. 13.01, Taxation-General, V.A.T.S., as a coin-operated machine.

The trial court properly held that Ordinance No. 2976, as enacted by the City of El Paso is valid, and therefore did not err in refusing to enjoin its enforcement. The judgment is affirmed.