**T. L. YOUNG, Appellant,**

v.

**CITY OF SEAGOVILLE, Appellee.**

**No. 16981.**

Court of Civil Appeals of Texas.

Dallas.

Nov. 10, 1967.

Ronald R. Waldie, Dallas, for appellant.

B. Robert Baker, of Saner, Jack, Sallinger & Nichols, Dallas, for appellee.

DIXON, Chief Justice.

Appellant T. L. Young has appealed from a judgment against him in a suit whereby he sought to enjoin appellee City of Seagoville, Texas from enforcing the provisions of the City's Ordinance No. 132. The ordinance among other things provides that a pool parlor may be operated in Seagoville upon payment to the City of an annual license fee of $10.00.

Appellant owns and prior to February 24, 1967 maintained in use within the City of Seagoville three coin-operated billiard tables on which he has paid the 1967 state annual occupation tax of $5.00 on each table as required by Title 122A, Taxation—General, Art. 13.02, Vernon's Ann.Civ.St. (Vol. 20A). After being warned to close his establishment and refusing to do so, he was arrested, placed in jail, released on bond and convicted in the Corporation Court of Seagoville. The judgment of conviction is at present on appeal in the Dallas County Criminal Court of Appeals.

Ordinance No. 132 which the City seeks to enforce was enacted by the City in 1955. In that year Art. 4668, Vernon's Ann. Civ.St., and Art. 633a, Penal Code, passed by the Legislature in 1919, were in full force and effect. Articles 4668 and 633a in unambiguous language prohibited the operation of pool halls in the State of Texas. The City's Ordinance No. 132 by undertaking to permit the operation of a pool parlor upon payment of a license fee, was in direct conflict with Art. 4668, V.A.C.S. and Art. 633a, Penal Code. The ordinance was therefore void when enacted. Constitution of Texas, Art. 11, Sec. 5, Vernon's Ann.Civ.St· Art. 1165, V.A.C.S.; City of Wink v. Griffith Amusement Co., 129 Tex. 40, 100 S.W. 2d 695, 698 (1936); City of Corpus Christi v. Texas Driverless Co., 144 Tex. 288, 190 S.W.2d 484 (1945); City of Fort Worth v. McDonald, 293 S.W.2d 256 (Tex.Civ.App., Fort Worth 1956, writ ref'd n. r. e.); City of Fort Worth v. Atlas Enterprises, 311 S. W.2d 922 (Tex.Civ.App., Fort Worth 1958, writ ref'd n. r. e.); City of Austin v. Clendennen, 323 S.W.2d 158 (Tex.Civ.App., Austin 1959, writ ref'd n. r. e.); Prescott v. City of Borger, 158 S.W.2d 578 (Tex.Civ. App., Amarillo 1942, writ ref'd); City of Lubbock v. South Plains Hardware Co., 111 S.W.2d 343 (Tex.Civ.App., Amarillo 1937, no writ); 39 Tex.Jur.2d 601.

In 1963 the Legislature amended Title 122A, Taxation—General, Art. 19.01 by adding Section 10; and in doing so expressly repealed Articles 4668, V.A.C.S. and 633a, Penal Code. But the repeal itself alone could not breathe life in Ordinance No. 132, which was born dead—void *ab initio* because it was in direct conflict with the above cited constitutional and statutory provisions and judicial authority. Board of Elections for Franklin County et al. v. State ex rel. Schneider, 128 Ohio St. 273, 191 N. E. 115, 97 A.L.R. 1417 (1934); Norris v. Town of Union City, 184 Ga. 283, 191 S.E. 105 (1937); 12 Tex.Jur.2d 391.

Under some but not all circumstances the Legislature has authority to enact laws validating city ordinances which were not valid at the time of their adoption. City of Lubbock v. Magnolia Petroleum Co., 6 S.W.2d 80 (Tex.Com.App., 1928); 39 Tex.Jur.2d 651. But we need not concern ourselves here with the question whether Ordinance No. 132 comes within the class-

ification of ordinances which could have been validated, for the Legislature has not passed any statute attempting to validate ordinances such as Ordinance No. 132.

■ In its brief on appeal appellee City cites and relies on the 1963 amendment of Title 22A, Taxation—General, Art. 19.01. The amendment in addition to repealing Art. 4668, V.A.C.S. and Art. 633a, Penal Code, authorizes cities and towns to pass ordinances prohibiting, regulating or licensing the ownership and operation of billiard tables. However, that provision of the amended statute is of no avail to the City of Seagoville in this case, for the City has not enacted any ordinance pursuant to the newly granted authority.

Appellee in support of its right to enforce Ordinance No. 132 cites and quotes from the opinion in B & B Vending Co. v. City of El Paso, 408 S.W.2d 545 (Tex.Civ.App., San Antonio 1966, writ ref'd n. r. e.). The holding in that case is not in point here. In the B & B Vending case the City of El Paso adopted its ordinance *after* the prohibitory articles were repealed and pursuant to the authority granted in the amendment of Art. 19.01 to cities and towns to pass prohibitory, regulatory and licensing ordinances with reference to pool halls. No such action is shown to have been taken by the City of Seagoville in this case.

The City of Seagoville is now attempting to prohibit appellant from using and operating his coin-operated billiard tables by invoking the terms of an ordinance which does not prohibit the use and operation of billiard tables, but is void because it sought to do just the opposite: it undertook to license and permit such operation contrary to state prohibitory laws.

Appellant insists that the provisions of Art. 19.01 as amended in 1963 are not applicable in this case because the 1963 amendment provides only for the taxing of billiard tables "where the player thereon does not or is not required to make a coin deposit causing an electrical connection of

any nature or kind before such game may be actually commenced, * * *." Appellant's contention is that he comes under Articles 13.01 to 13.16 of Chapter 13 of the Taxation—General statute, which chapter is entitled "Tax on Coin-Operated Machines"; whereas Chapter 19 upon which appellee relies, is concerned only with a different subject: "Miscellaneous Occupation Taxes."

■ We do not agree with appellant. The definition of a billiard table and the provision authorizing cities and towns to prohibit, regulate or license the ownership or operation of billiard tables are in sections of the 1963 amendment of Art. 19.01 separate from the taxing sections. We think they are applicable in those cases where a city or town has passed ordinances pursuant to such authority. It is so held in B & B Vending Co. v. City of El Paso, 408 S.W.2d 545 (Tex.Civ.App., San Antonio 1966, writ ref'd n. r. e.).

Appellant in his points of error asserts that the court erred (1) in failing to apply Title 122A, Chapter 13, V.A.C.S., Taxation —General; (2) in denying appellant's prayer for injunctive relief, the court's decision being based on Ordinance No. 132; and (3) because of the uncontradicted testimony of an employee of the State Comptroller's office. We overrule the first and third points. We sustain the second point.

■ Ordinarily an injunction will not lie to enjoin a criminal prosecution, but injunction is a proper remedy when the enforcement of a void ordinance seriously impairs or destroys property rights. City of Fort Worth v. McDonald, 293 S.W.2d 256 (Tex.Civ.App., Fort Worth 1956, writ ref'd n. r. e.); State v. Ferguson, 133 Tex. 60, 125 S.W.2d 272, 277 (1939); Bielecki v. City of Port Arthur, 12 S.W.2d 976 (Tex. Com.App., 1929); Crossman v. City of Galveston, 112 Tex. 303, 247 S.W. 810, 26 A.L. R. 1210 (1923); Brown Cracker & Candy Co. v. City of Dallas, 104 Tex. 290, 137 S. W. 342 (1911).

We are of the opinion that the City is attempting to enforce a void ordinance and in doing so harms appellant's existing property rights. That being so we think that appellant is entitled as a matter of law permanently to enjoin the enforcement against him of the City's Ordinance No. 132.

The judgment of the trial court is reversed and judgment is here rendered granting appellant a permanent injunction as prayed.

Reversed and rendered.