

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 4, 1971

Honorable Tom Hanna
Criminal District Attorney
Jefferson County Courthouse
Beaumont, Texas   77701

Dear Sir:

Opinion No. M-964

Re:  Exemption of certain
      organizations from
      lottery laws

        This is in response to your recent request for the opin-
ion of this office concerning a possible conflict between
Senate Bill 584, Acts 62nd Legislature, Regular Session, 1971
and Article III, Section 47, Texas Constitution.

        Senate Bill 584 provides certain definitions, and in
its pertinent part further states:

        "Section 1.  Article 654, Penal Code of Texas, 1925,
    is amended to read as follows:

            '. . .

            'Sec. 3  (a)  This article does not apply
        to a sale or drawing of a prize at a fair held
        in this State for the benefit of a church,
        religious society, veteran's organization, or
        other nonprofit charitable organization when
        all of the proceeds of the fair are expended
        in this State for the benefit of the church,
        religious society, veteran's organization,
        or other nonprofit charitable organization.

            '(b)  The lottery is operated for the
        benefit of the organization or charitable
        purpose only when the entire proceeds of the
        lottery go to the organization or charitable
        purpose and no part of the proceeds go to an
        individual member or employee thereof.'

-4715-

"Sec. 2. The acts set out in this bill shall only apply on property owned by the operating agency."

Article III, Section 47, Texas Constitution provides as follows:

"Sec. 47. The Legislature shall pass laws prohibiting the establishment of lotteries and gift enterprises in this State, as well as the sale of tickets in lotteries, gift enterprises or other evasions involving the lottery principle, established or existing in other States."

Previous attempts by the Legislature to "license" lotteries have been held unconstitutional under this Section. Barry v. State, 45 S.W. 571 (Tex.Crim. 1898). We perceive no way that the Legislature may do by exception from prosecution that which it cannot do by express authorization. See City of Wink v. Griffith Amusement Co., 129 Tex. 40 100 S.W.2d 695 (1936).

It is the opinion of this office that Senate Bill 584 is unconstitutional. Since it contains no severability clause and also since the removal of the objectionable portions of the act will leave portions not consistent with the caption (as required by Article III, Sections 35 and 36, Texas Constitution), it is our opinion that the entire bill fails, leaving Article 654, Texas Penal Code, as it existed prior to the passage of the act; and thus we do not answer the remainder of your questions. Fletcher v. State, 439 S.W.2d 656 (Tex.Sup. 1969).

## S U M M A R Y

Senate Bill 584, Acts 62nd Legislature, Regular Session, 1971, concerning exemptions from lottery laws is unconstitutional.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Howard M. Fender
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Lonny Zwiener
Dyer Moore
Sam Jones
John Banks

SAM MCDANIEL
Acting Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant