Samuel J. TUSSEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 46486.

Court of Criminal Appeals of Texas.

March 14, 1973.

Rehearing Denied June 6, 1973.

1. The record reflects that this cause was reset five times prior to the date of trial.

Morton L. Susman and Mark W. Perrin, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Mark Vela, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

The offense is establishing a lottery.

After an indictment was returned on December 20, 1971, it was transferred to County Court at Law No. 3 of Harris County since the offense involved was a misdemeanor.

On April 24, 1972, the appellant entered a plea of nolo contendere to the charge against him and punishment was assessed at a fine of $500.00.

On appeal, appellant attacks the constitutionality of Article 654, Vernon's Ann.P.C., as amended, (Acts 1971, 62nd Leg., p. 2823, ch. 922), under which he contends his conviction was obtained.

Prior to the said amendment, Article 654, Vernon's Ann.P.C., read as follows:

"If any person shall establish a lottery or dispose of any estate, real or personal, by lottery, he shall be fined not less than one hundred nor more than one thousand dollars; or if any person shall sell, offer for sale or keep for sale any ticket or part ticket in any lottery, he shall be

fined not less than ten nor more than fifty dollars."

The 1971 Amendment reads as follows:

"An Act permitting churches, religious societies, veteran's organizations, and other nonprofit charitable organizations to conduct lotteries for their benefit on property owned by the conducting agency; amending Article 654, Penal Code of Texas, 1925; providing for penalties; and declaring an emergency.

*Be it enacted by the Legislature of the State of Texas:*

Section 1. Article 654, Penal Code of Texas, 1925, is amended to read as follows:

'Section 1. (a) "Lottery" means an enterprise wherein for a consideration the participants are given an opportunity to win a prize, the award of which is determined by chance, even though accompanied by some skill.

'(b) "Consideration" means anything which is a financial advantage to the promoter or a disadvantage to any participant.

'Sec. 2. Except as provided in Section 3, if any person establishes a lottery or disposes of an estate, real or personal, by lottery, he shall be fined not less than $100 nor more than $1,000; or if any person shall sell, offer for sale or keep for sale any ticket or part ticket in any lottery, he shall be fined not less than $10 nor more than $50.

'Sec. 3. (a) This article does not apply to a sale or drawing of a prize at a fair held in this State for the benefit of a church, religious society, veteran's or-

ganization, or other nonprofit charitable organization when all of the proceeds of the fair are expended in this State for the benefit of the church, religious society, veteran's organization, or other nonprofit charitable organization.

'(b) The lottery is operated for the benefit of the organization or charitable purpose only when the entire proceeds of the lottery go to the organization or charitable purpose and no part of the proceeds go to an individual member or employee thereof.'

Sec. 2. The acts set out in this bill shall only apply on property owned by the operating agency.

Sec. 3. The importance of this legislation and the crowded condition of the calendars in both Houses create an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and this Rule is hereby suspended; and that this Act take effect and be in force from and after its passage, and it is so enacted.

. . . ."

It is observed that § 2 of the Amendment is essentially the same as the former statute although it has reference to exceptions in favor of such designated organizations set forth in § 3.

Appellant first contends the 1971 Amendment is violative of Article III § 47 of the Texas Constitution, Vernon's Ann. St., which requires the Legislature to pass laws prohibiting the establishment of lotteries.[1] He also contends the statute is rendered unconstitutional in light of Article I §§ 3 and 6 of the Texas Constitution[2] and in light of the First and Four-

---

1. Said constitutional Article III § 47 provides that "[t]he Legislature shall pass laws prohibiting the establishment of lotteries and gift enterprises in this State, as well as the sale of tickets in lotteries, gift enterprises or other evasions involv-

ing the lottery principle, established or existing in other States."

2. Art. I § 3, Tex.Const., reads as follows: "All free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive sepa-

teenth Amendments of the United States Constitution.

Turning to appellant's first contention, it is interesting to note that the State Constitution of 1869 provides in Article XII § 36 that "[n]o lottery shall be authorized by the State; and the buying and selling of lottery tickets within this State is prohibited." In 1873, the Legislature undertook to license a type of lottery known as a "gift enterprise," but the Supreme Court determined this effort to legalize this variety of lottery was prohibited by the 1869 Constitution. Randall v. State, 42 Tex. 580, 589–591 (1875).

■ It was against this background that Article III § 47 of the present 1876 Constitution, supra, was drafted. It is clear that these provisions of the Constitution were designed to require the passage of laws against the establishment of lotteries in various forms. And, any effort by the Legislature to authorize, license or legalize lotteries is unconstitutional in light of the constitutional provision in question. Barry v. State, 39 Tex.Cr.R. 240, 45 S.W. 571 (1898). Further, the Legislature is likewise prohibited from indirectly doing so by way of exemption from criminal prosecution. See City of Wink v. Griffith Amusement Co., 129 Tex. 40, 100 S.W.2d 695, 700–702 (1936).

■ It is clear that the Legislature was not authorized to exempt from the laws relating to lotteries the sale or drawing of a prize at a fair for the benefit of a church, religious society, veteran's organization, etc.

Therefore, we hold that all of § 3 of Article 654, supra, as amended, is unconstitu-

tional by virtue of Article III § 47 of our State Constitution and note that the portion of § 2 reading "[e]xcept as provided in Section 3, . . ." is rendered meaningless by this ruling.

We need not decide whether the said § 3 is also unconstitutional on other grounds urged by the appellant.

In view of the fact, however, that the 1971 Amendment to Article 654, supra, contained no saving or severability clause, we are left with the question of whether the entire statute falls or only those portions which are unconstitutional.

■ The absence of a saving clause is an important factor in determining the ultimate effect on the whole act when a portion thereof is struck down as unconstitutional but that factor alone is by no means all-controlling. Harris County Water Control & Imp. Dist. v. Albright, 153 Tex. 94, 263 S.W.2d 944, 947 (1954), and cases there cited.

". . .

An act failing to contain a saving clause must be construed in its entirety and without something within the act to indicate a legislative intent that the legislature would have passed the act without the invalid portion, the entire act must fall. But the existence of a saving clause is not essential to permit the court to infer a legislative intent to have enacted the valid portions without the invalid portions, and if such an intent is otherwise manifested the court may sever the invalid portions." 12 Tex.Jur.2d Constitutional Law § 49, p. 395.

rate public emoluments, or privileges, but in consideration of public services."

Sec. 6 of the same Article reads, "All men have a natural and indefeasible right to worship Almighty God according to the dictates of their own consciences. No man shall be compelled to attend, erect or support any place of worship, or to maintain any ministry against his consent. No human authority ought, in any case

whatever, to control or interfere with the rights of conscience in matters of religion, and no preference shall ever be given by law to any religious society or mode of worship. But it shall be the duty of the Legislature to pass such laws as may be necessary to protect equally every religious denomination in the peaceable enjoyment of its own mode of public worship."

██ It has been consistently held that where a portion of a statute has been declared unconstitutional, and there is an absence of a saving or severability clause, the remainder of the statute must be sustained if it is complete in itself and capable of being executed in accordance with the legislative intent wholly independent of that which has been rejected. Gilderbloom v. State, 160 Tex.Cr.R. 471, 272 S.W.2d 106 (1954); Salas v. State, 365 S.W.2d 174 (Tex.Cr.App.1963), cert. den. 375 U.S. 15, 84 S.Ct. 96, 11 L.Ed.2d 45; Ex parte Matthews, 488 S.W.2d 434 (Tex.Cr.App.1973); Delorme v. State, 488 S.W.2d 808 (Tex. Cr.App.1973).

██ Sections 1 and 2 of the 1971 Amendment to Article 654, supra, are complete within themselves and capable of being executed in accordance with the legislative intent wholly independent of that which has been rejected by this court as unconstitutional.

Appellant's conviction, upon his plea of nolo contendere, of conducting or establishing a lottery, was proper under present Article 654 § 2, supra.

██ Appellant would have us strike down the entire statute and remand the cause for possible re-prosecution under former Article 654 which is exactly the same as the § 2 of the remainder of the present statute left intact by this court's decision today. We do not agree. To do so would be to spin the wheels of justice numerous times to reach the same result as reached justly on the first spin.[3]

The judgment is affirmed.

3. We are aware of the fact that in Attorney General's Opinon No. M–964 (October 4, 1971), Article 654, as amended in 1971, was declared unconstitutional. However, the Attorney General concluded that the entire statute had to fall, whereas we do not. There, the Attorney General wrote: " . . . . It is the opinion of this office that Senate Bill 584 is unconstitutional. Since it contains no severability clause and also since the removal of the objectionable portions of the act will leave portions not consistent with the caption (as required by Article III, Sections 35 and 36, Texas Constitution), it is our opinion that the entire bill fails, leaving Article 654, Texas Penal Code, as it existed prior to the passage of the act; and thus we do not answer the remainder of your questions. Fletcher v. State, 439 S.W.2d 656 (Tex.Sup.1969)."

While Attorney General's opinions are persuasive, they are not binding on the courts.