**Eric Charles HIXON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 49292.**

Court of Criminal Appeals of Texas.

June 4, 1975.

Eric Charles Hixon, pro se.

Carol S. Vance, Dist. Atty., James C. Brough and David Crump, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is sale of merchandise on city sidewalks in violation of Section 41–10, Houston City Ordinances; the punishment, a fine of $150.00.

The record reflects that on November 23, 1973, appellant sold jewelry on a sidewalk in a downtown area of Houston. In this appeal, appellant contends that he was authorized to sell merchandise on

the Houston streets and sidewalks under Section 22–1, Houston City Ordinances, as an itinerant vendor. Section 22–1 provides, in part:

"Itinerant Vendor. The term 'itinerant vendor' means and includes, and shall be construed to mean and include, all persons as well as their agents and employees, who engage in temporary or transient business in the city of selling or offering for sale any goods or merchandise, or exhibiting the same for sale, or exhibiting the same for the purpose of taking orders for the sale thereof, and who, for the purpose of carrying on such business or conducting such exhibits thereof, display, exhibit, sell or offer for sale such goods or merchandise upon or from a truck or other vehicle on the streets . of the city, or who hire, rent, lease or occupy any room or space in any building, structure, other enclosure, vacant lot or any other property whatever in the city in, through or from which any goods or merchandise may be sold, offered for sale, exhibited for sale or exhibited for the purpose of taking orders for the sale thereof, or who shall sell or offer for sale any goods or merchandise while upon the property of another, without the express written consent of the owner or occupant thereof. Provided, however, the term 'itinerant vendor' as defined herein shall not include or be construed to include anyone engaged in interstate commerce or anyone upon whom the provisions of the following sections would impose a direct and unlawful burden on interstate commerce."

Section 22–1, Houston City Ordinances, is expressly limited to persons who sell merchandise from a "truck or other vehicle on the streets of the city, or who hire, rent, lease, or occupy any room or space in any building, structure, or other enclosure, vacant lot or any other property whatever in the city." We conclude that Section 22–1 does not authorize the sale of merchandise on sidewalks of the city.

In his next ground of error appellant contends that Section 41–10, Houston City Ordinances, violates the equal protection clause of the Fourteenth Amendment. He urges that there is no rational justification for the exemption of flower and ice cream vendors from the prohibition against sidewalk sales of merchandise under Sections 41–10 and 41–10.1, Houston City Ordinances; Section 41–10 provides:

"It shall be unlawful for any person to expose for sale or to sell on any sidewalk, street, parkway, esplanade or any other property open or devoted to public use in the city any fruits, vegetables, nuts, candies, cigars, tobacco, soda water, or any foodstuffs of any nature whatsoever, or any other goods, wares, or merchandise, either exposed or enclosed in boxes, crates, barrels, baskets or any other container. It shall further be unlawful to erect, construct, build, maintain or occupy any booth, stand or other structure, either permanent or temporary, upon any sidewalk, street, parkway, esplanade or other property open or devoted to public use for the purpose of carrying on or furthering any private business, enterprise, calling, vocation or profession. This provision shall not apply to any person selling frozen desserts from sanitary vehicles approved by the director of public health under section 19–550 of this Code, . ."

Section 41–10.1, Houston City Ordinances, provides:

"(a). Section 41–10 hereof shall not apply to any person who has obtained a license for the sidewalk sale of flowers to pedestrians and who complies with the provisions of this section regulating the sale of such flowers."

Viewing these ordinances together, we are confronted with a statutory scheme which makes selling of all goods upon the

sidewalk unlawful except the sale of flowers and ice cream. We must here determine if the city is authorized under its police power to exempt these two items of merchandise without violating the equal rights of those who wish to sell anything else.

Section 22–1 of the Houston City Ordinances does not totally prohibit the carrying on of legitimate trade by itinerant vendors. It simply provides that they must obtain a license and that the merchandise must be sold from a truck or other vehicle on the streets or from an enclosure or vacant lot. The prohibition goes only to selling directly from the sidewalk.

■ At the outset we observe that a sidewalk is part of the street and subject primarily to the control of the city rather than the abutting property owners. Richardson v. Walsh, Tex.Civ.App., 292 S.W.2d 855.

■ Pursuant to its police power, a city is authorized to enact ordinances tending to promote the general welfare of the public in the use of the streets and sidewalks. Since the basic purpose of a sidewalk is to afford a way to public pedestrian traffic, it is in the interest of the public welfare for obstacles and impediments to this traffic to be reasonably limited.

■ The legislative body has a right to make a classification or create a class for the purpose of serving legitimate aims if the limits of the class are not unreasonable or arbitrary. Ex parte George, 152 Tex. Cr.R. 465, 215 S.W.2d 170. The Court in B & B Vending Company v. City of El Paso, 408 S.W.2d 545, stated:

"An ordinance may establish a classification so long as the classification is reasonable and applies equally to all persons who fall within the class."

■ We cannot bring ourselves to conclude that the exemption of the sellers of flowers and ice cream is so unreasonable as to authorize this Court to strike down the legislation. Neither flowers nor ice cream are commodities within the same class as the articles which appellant was offering for sale.

In City of Chicago v. Rhine, 363 Ill. 619, 2 N.E.2d 905, the Illinois Supreme Court was confronted with an ordinance which prohibited sales of any articles except daily newspapers within a certain area of the city. The defendant in that case was a magazine vendor. The court noted that no one had an inherent right to operate his business in the streets of the city. They further stated: "[The fact] that someone else is given the privilege of selling newspapers (a commodity not within the same class as the article the defendant was exposing and offering for sale) did not constitute an unconstitutional discrimination against him."

As written, the ordinance in the case at bar affects all people engaged in the same business (all itinerant vendors not engaged in flower or ice cream sales) equally under like conditions.

In addressing the problem of reasonableness of classification of street vendors as to the type of products which they might be licensed to sell, the Supreme Court of Washington in McKnight v. Hodge, 55 Wash. 289, 104 P. 504, said:

"Reasons quite satisfactory to some minds could be advanced for exempting peddlers of farm products from the license law, and the same can be said of vendors of books, periodicals, and newspapers; while on the other hand, there may be room for argument to the contrary. We refer to reasons and argument relating to some legitimate purpose of the law. The very fact that there is room for honest difference of opinion in this respect shows that it is a question of policy and not of power in the Legislature to pass the law. We are of the opinion that a license law such as this, whether its object is regulation or reve-

nue, is not a grant of privileges or immunities to a class of citizens which, upon the same terms, do not equally belong to all, because it classifies peddlers with reference to the different kind of goods they sell."

The city apparently had legitimate aims in the creation of classifications to determine which businesses could operate on the sidewalks, such as limitation of obstructions to pedestrian traffic. After reviewing the record, it is apparent that the appellant in the case at bar has not met his burden of proving that an improper basis for discrimination was utilized or that the classifications as made were arbitrary or unreasonable in light of the purposes to be served by them. City of Clute v. Linscomb, Tex.Civ.App., 446 S.W.2d 377.

Finding no reversible error, the judgment is affirmed.

DOUGLAS, Judge (concurring).

I concur that the judgment should be affirmed but for the following reasons.

The conviction is for sale of merchandise on city sidewalks in violation of Section 41–10, Houston City Ordinances.

The record reflects that on November 23, 1973, appellant sold jewelry on a sidewalk in the downtown area of Houston.

He contends that he was authorized to sell merchandise on the Houston streets and sidewalks under Section 22–1, Houston City Ordinances, as an itinerant vendor. That section is expressly limited to persons who sell merchandise from a "truck or other vehicle on the streets of the city, or who hire, rent, lease or occupy any room or space in any building, structure, or other enclosure, vacant lot or any other property whatever in the city." It does not authorize the sale of merchandise on sidewalks of the city.

Appellant next contends that Section 41–10, Houston City Ordinances, violates the equal protection clause of the Fourteenth Amendment. He urges that there is no rational justification for the exemption of flower and ice cream vendors from the prohibition against sidewalk sales of merchandise under Sections 41–10 and 41–10.1, Houston City Ordinances. Section 41–10 provides:

"It shall be unlawful for any person to expose for sale or to sell on any sidewalk, street, parkway, esplanade or any other property open or devoted to public use in the city any fruits, vegetables, nuts, candies, cigars, tobacco, soda water, or any foodstuffs of any nature whatsoever, or any other goods, wares, or merchandise, either exposed or enclosed in boxes, crates, barrels, baskets or any other container. It shall further be unlawful to erect, construct, build, maintain or occupy any booth, stand or other structure, either permanent or temporary, upon any sidewalk, street, parkway, esplanade or other property open or devoted to public use for the purpose of carrying on or furthering any private business, enterprise, calling, vocation or profession. This provision shall not apply to any person selling frozen desserts from sanitary vehicles approved by the director of public health under section 19–550 of this Code, . . ."

Section 41–10.1, Houston City Ordinances, provides:

"(a). Section 41–10 hereof shall not apply to any person who has obtained a license for the sidewalk sale of flowers to pedestrians and who complies with the provisions of this section regulating the sale of such flowers."

A serious question about the justification for the exemption of flower and ice cream vendors is raised. See Dukes v. City of New Orleans, 501 F.2d 706 (5th Cir. 1974), and the cases there cited. However, it is not necessary to decide whether Section 41–10 is unconstitutional. Assuming that appellant was in an area of the city per-

mitting the sale of flowers and ice cream and assuming, without deciding, that a different treatment afforded ice cream and flower vendors under Sections 41–10 and 41–10.1 violates the equal protection clause of the Fourteenth Amendment, appellant as well as ice cream and flower vendors would be subject to prosecution under Section 41–10.

In Delorme v. State, 488 S.W.2d 808 (Tex.Cr.App.1973), this Court wrote:

"It is the duty of the court, if it can be done, to construe a statute so that it will remain valid. Where a statute contains words or provisions which are valid and others which are not, effect should be given to the valid words and provisions by separating them from the invalid ones. Ohio Oil Company v. Giles, 149 Tex. 532, 235 S.W.2d 630 (1950); Zwernemann v. Von Rosenburg, 76 Tex. 522, 13 S.W. 485 (1890); and Ex parte Towles, 48 Tex. 413. If the unconstitutional or void portion of any statute be stricken out and that which remains is complete in itself and capable of being executed in accord with the apparent legislative intent, wholly independent of that portion which is rejected, the statute must be sustained. Salas v. State, 365 S.W.2d 174 (Tex.Cr.App. 1963). This is true, even though the statutory enactment contains no severability clause. Salas v. State, supra, and Gilderbloom v. State, 160 Tex.Cr.R. 471, 272 S.W.2d 106 (1954)."

See also Tussey v. State, 494 S.W.2d 866 (Tex.Cr.App.1973); Ex parte Rubin, 362 S.W.2d 331 (Tex.Cr.App.1962); Fletcher v. State, 439 S.W.2d 656 (Tex.Sup.Ct. 1969); State v. Scott, 460 S.W.2d 103 (Tex.Sup.Ct.1970).

In Ex parte Matthews, 488 S.W.2d 434 (Tex.Cr.App.1973), the contention was made that he, Matthews, was denied equal protection of the law because there was a different age requirement between males and females for their treatment as juve-

niles. This Court held that such disparity was unconstitutional but there was another statute under which both males and females over the age of fifteen years could be prosecuted. See Chase v. State, 508 S. W.2d 605 (Tex.Cr.App.1975).

Section 41–10 is not dependent upon the exemption of flower and ice cream sales from the prohibition against the sale of merchandise on Houston sidewalks. By deleting the language referring to the sale of "frozen desserts from sanitary vehicles" in Section 41–10 and excising 41–10.1, every person is prohibited from selling merchandise on Houston sidewalks. The remainder of Section 41–10 is complete and capable of being enforced in accordance with the intent of the Houston City Council. Thus, appellant was subject to prosecution under Section 41–10, Houston City Ordinances.

ODOM, Judge (concurring).

I concur in the majority's disposition of this cause, but find their analysis of appellant's first ground of error incomplete.

Appellant was convicted for selling jewelry on a sidewalk in the downtown area of Houston. He had an itinerant vendor's license issued under Chapter 22 of the Houston Code of Ordinances. He was convicted because his sales under authority of that license were held in violation of Section 41–10, Houston Code of Ordinances. The majority improperly hold that Chapter 22, standing alone, does not license sale of merchandise on city sidewalks. That chapter authorizes itinerant vendors to follow their trade, as defined in Section 22–1, when duly licensed under its provisions, and makes it unlawful for an itinerant vendor to do so without such a license.

Itinerant vendor is defined in Section 22–1 as follows:

"The term 'itinerant vendor' means and includes, and shall be construed to mean and include, all persons, as well as

their agents and employees, who engage in temporary or transient business in the city of selling, or offering for sale, any goods or merchandise, or exhibiting the same for sale, or exhibiting the same for the purpose of taking orders for the sale thereof, *and who* for the purpose of carrying on such business, or conducting such exhibits thereof, display, exhibit, sell or offer for sale such goods or merchandise upon or from a truck or other vehicle on the streets of the city, *or who* hire, rent, lease or occupy any room or space in any building, structure, other enclosure, vacant lot or any other property whatever in the city in, through or from which any goods or merchandise may be sold, offered for sale, exhibited for sale or exhibited for the purpose of taking orders for the sale thereof, *or who* shall sell or offer for sale any goods or merchandise while upon the property of another, without the express written consent of the owner or occupant thereof. Provided . . ." (Emphasis added.)

The majority's analysis of the scope of Sec. 22-1 is incomplete in that it ignores the language beginning with the third pair of emphasized words, which incorporates within the definition of itinerant vendors those otherwise qualifying "who shall sell or offer for sale any goods or merchandise while upon the property of another, without the express written consent of the owner or occupant thereof." Certainly this would include the city sidewalks. Indeed, to hold that the city sidewalks are not within the scope of the ordinance, as the majority suggest, would be to hold that absent a prohibition such as that in Section 41–10 no itinerant vendor's license would be required for sale of goods on the sidewalks. It is clear to me that the vendor would not be able to avoid the license fee by moving his goods from the privately owned vacant lot to the adjacent sidewalk, yet this is what the majority's reasoning would permit. Clearly, the conduct engaged in by appellant, if not otherwise pro-

hibited by law, was within the scope of the itinerant vendor's licensing ordinance.

Appellant cites 53 Tex.Jur.2d, Statutes, Section 161, for the proposition:

"In case of conflict between a general provision and a special provision dealing with the same subject, the former is controlled or limited by the latter, since a specific statute more clearly evidences the intention of the legislature than a general one. . . ."

The proposition of law is a sound one. Appellant would have us apply it to give effect to Chapter 22 in any conflict with Section 41–10. That section prohibits sale of foodstuffs, goods, wares, and merchandise (with the two exceptions of ice cream and flowers) "on any sidewalk, street, parkway, esplanade or any other property open or devoted to public use in the city. . . ." In my opinion it is Section 41–10 that is the special or limited provision. It prohibits sales in certain limited places, whereas Chapter 22 addresses places where itinerant vendors are licensed to make sales in broad general language. While the specifically designated places enumerated in Sec. 41–10 are within the scope of the general categories listed in Chapter 22, it is clear that Chapter 22 addresses them only as within the general categories there stated, while Sec. 41–10 is speaking narrowly and specifically to the sidewalks, roadways, and property open and devoted to public use. Even if the last category be broad or vague (an issue not presented in this case), Sec. 41–10 is clearly the special provision and controls. An itinerant vendor's license does not authorize one to violate ordinances prohibiting sales in specific areas otherwise available for transacting such business.

I therefore concur in the overruling of this ground of error.

I must express the reasons for my disagreement with my brother Douglas' analysis of appellant's equal protection argument. He relies on the following principle

stated in Delorme v. State, 488 S.W.2d 808, 811:

"It is the duty of the court, if it can be done to construe a statute so that it will remain valid. Where a statute contains words or provisions which are valid and others which are not, effect should be given to the valid words and provisions by separating them from the invalid ones. [Citations omitted.] If the unconstitutional or void portion of any statute be stricken out and that which remains is complete in itself *and capable of being executed in accord with the apparent legislative intent*, wholly independent of that portion which is rejected, the statute must be sustained. [Citations omitted.]" (Emphasis added.)

He does not give proper attention to the emphasized language. The statute addressed in *Delorme* prohibited desecration of the flag in various described ways. Each manner of desecration stated in the statute was a separate means by which the offense could be committed. It was the clear legislative intent to prohibit *each* means. Therefore, if there was a constitutional infirmity in the statutory description of one means, it could be severed and the remaining means continued in force with no violation of the legislative intent. The effect of such judicial action would be to narrow the effect of the statute in that it would narrow the scope of conduct prohibited by the terms of the statute.

On the other hand, if one element of a single offense is found constitutionally defective, the offense must fall, because to sever the single element would broaden the scope of the statute, prohibit new conduct not prohibited by legislative act, and violate the legislative intent. The courts would be creating a new offense, prohibiting conduct not theretofore an offense. The principle stated in *Delorme*, supra, does not contemplate such judicial legislation. A simple example will illustrate. Consider a statute prohibiting vulgar dancing in public. If "vulgar" were held un-

constitutionally vague (see Courtemanche v. State, 507 S.W.2d 545), the inappropriate application of *Delorme* would "sever" it from the statute and leave the clear and unambiguous prohibition of dancing in public. The absurdity if manifest.

The Delorme principle has no application to Section 41–10, supra, in the manner suggested in the other concurring opinion.