

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL

May 10, 1976

The Honorable John Lawhon
District & County Attorney
P. O. Box 44
Denton, Texas    76201

Opinion No. H-820

Re:   Whether certain pro-
cedures for selling
chances to win prizes in
a drawing constitute a
lottery.

Dear Mr. Lawhon:

You have asked our opinion on the legality of several
proposed lottery schemes designed to benefit a community
charity.  You indicate that one hundred percent of the
proceeds will go to the charity.

Article 3, section 47 of the Texas Constitution provides:

> The Legislature shall pass laws prohibiting
> the establishment of lotteries and gift
> enterprises in this State, as well as the
> sale of tickets in lotteries, gift enter-
> prises or other evasions involving the
> lottery principle, established or existing
> in other states.

The Texas Penal Code provides in part:

Sec. 47.01.   In this chapter:

> (1) 'Bet' means an agreement that,
> dependent on chance even though
> accompanied by some skill, one stands
> to win or lose something of value.

. . .

(5) 'Gambling paraphernalia' means any book, instrument, or apparatus by means of which bets have been or may be recorded or registered; any record, ticket, certificate, bill, slip, token, writing, scratch sheet, or other means of carrying on bookmaking, wagering pools, lotteries, numbers, policy, or similar games.

(6) 'Lottery' means any scheme or pro- cedure whereby one or more prizes are distributed by chance among persons who have paid or promised consideration for a chance to win anything of value, whether such scheme or procedure is called a pool, lottery, raffle, gift, gift enterprise, sale, policy game, or some other name.

. . . .

Sec. 47.02.
(a) A person commits an offense if he:

(1) makes a bet on the partial or final result of a game or contest or on the performance of a participant in a game or contest;

. . . .

Sec. 47.03.
(a) A person commits an offense if he intentionally or knowingly does any of the following acts:

. . .

(2) receives, records, or forwards a bet or offer to bet;

. . . .

Sec. 47.07.
(a) A person commits an offense if, with
the intent to further gambling, he
knowingly owns, manufactures, transfers
commercially, or possesses gambling
paraphernalia.

A lottery has been held to consist of three elements,
i.e., (1) a prize in money or some other thing of value,
(2) the distribution of which is determined by chance and (3)
valuable consideration has been given by contestants
for a chance to win. City of Wink v. Griffith Amusement Co.,
100 S.W.2d 695 (Tex. Sup. 1936); Penal Code § 47.01(6).
From the excerpts of the Penal Code reproduced above it is
evident that a person who participates in a lottery would
be likely to violate section 47.02 of the Penal Code, and a
person who conducts a lottery would be likely to violate
sections 47.03 and 47.07 of the Penal Code.

You have provided us with six separate proposals, and
it is necessary to determine whether they constitute
lotteries and are thus illegal.

Your first proposal is to "[s]ell tickets to a drawing
at which some $10,000 worth of prizes will be given away."
This scheme is a classic lottery and is clearly illegal.

The remaining proposals are to:

2. Give tickets to a drawing, at which some
$10,000 worth of prizes will be given away,
to persons who make a specified donation
to a fund to benefit the [charity].

3. Sell admission tickets to a carnival.
Each person who buys a carnival admission
ticket is eligible to win a door prize.
Winners will be determined at a drawing at
the carnival, with some $10,000 worth of
prizes to be given away.

4. Sell tickets to game booths at a carnival at which admission is free. Each ticket purchased gives the purchaser a chance to win a door prize. Winners will be determined at a drawing at the carnival, with some $10,000 worth of prizes to be given away.

5. Sell a commodity (example: box of candy or bumper stickers). Each person who purchases the commodity is entitled to free admission to a carnival to benefit the [charity]. Each person who buys the commodity is also entitled to a chance to win a door prize at a drawing at the carnival, with some $10,000 worth of prizes to be given away.

6. Sell memberships to a [club organized on behalf of the charity]. The club will conduct a free drawing from its membership roll of prizes valued at a total of some $10,000.

All proposals are identical with regard to the first two elements of a lottery. They involve a prize which is awarded by chance. The question is whether the five proposals listed immediately above involve consideration given by contestants for a chance to win. A common element in each proposal is the payment of money for some benefit which includes a chance in the drawing. Texas court cases and Attorney General Opinions have addressed proposals which are virtually identical to the ones you suggest and have held that they constitute lotteries. We believe proposal number two, which distributes tickets to persons who make a "donation" of a designated sum, is indistinguishable from the first proposal, which involved direct sale of the tickets. With regard to proposal three, see Attorney General Opinions O-3031 (1941), O-2218 (1940), O-428 (1939), all of which involved chances for prizes available to theatre patrons. Cf. City of Wink v. Griffith Amusement Co., supra. With regard to proposal four, see Hoffman v. State, 219 S.W.2d 539 (Tex. Civ. App. -- Dallas 1949, no writ), which involved patrons of a game of skill who played Bingo during inter-

missions with "free" Bingo cards. With regard to proposal five, see Holoman v. State, 2 Tex. Ct. App. 610 (1877), which involved the sale of boxes of candy which contained prizes of varying value. See also Attorney General Opinion O-1174 (1939). With regard to proposal six, see Grant v. State, 112 S.W. 1068 (Tex. Crim. App. 1908), which involved a suit club whose members were eligible for weekly drawings for tailor-made suits. In short, all six proposals constitute lotteries and are prohibited by statute.

We recognize that the proposals about which you inquire are designed to raise funds for a worthy cause; however, there is no exception to the gambling prohibitions found in the Penal Code which would permit lotteries if conducted for charitable purposes. The Legislature enacted such an exemption in 1971, but it was declared to be unconstitutional in light of article 3, section 47 of the Constitution. Tussey v. State, 494 S.W.2d 866 (Tex. Crim. App. -- 1973); Attorney General Opinion M-964 (1971).

## S U M M A R Y

The Texas Constitution and the Texas Penal Code prohibit lotteries even though they may be conducted for a charitable purpose.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb